**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| DIANE G. SHORT, SAMIRA PARDANANI, JUDITH DAVIAU, and JOSEPH BARBOZA, Individually and as representatives of a class of participants and beneficiaries in and on behalf of the BROWN UNIVERSITY DEFERRED VESTING RETIREMENT PLAN, and the BROWN UNIVERSITY LEGACY RETIREMENT PLAN, )  ) ) ) ) ) ) ) ) | |
| Plaintiffs, ) | CA NO. 1:17-CV-318-WES-PAS |
| ) | |
| vs. ) | |
| ) | |
| BROWN UNIVERSITY in Providence in the State of Rhode Island and Providence Plantations, ) ) ) | |
| ) | |
| Defendant. ) | |

**STIPULATION OF SETTLEMENT**

Plaintiffs Diane G. Short, Judith Daviau and Joseph Barboza, ("Plaintiffs")[1] and Defendant Brown University ("Defendant" or "University") (collectively with Plaintiffs, the "Parties"), enter into this Stipulation of Settlement (the "Agreement" or the "Stipulation").

**RECITALS**

A.     Plaintiffs brought this action against Defendant in the United States District Court for the District of Rhode Island (the "District Court") on July 6, 2017, Case No. 1:17-cv-00318-M-PAS (the "Action").

B.     In the Complaint (ECF No. 1, the "Complaint"), Plaintiffs allege a number of causes of action pursuant to Section 502 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132, against Defendant. Plaintiffs allege that

Defendant was a fiduciary of the Brown University Deferred Vesting Retirement Plan ("Deferred Vesting Retirement Plan") and the Brown University Legacy Retirement Plan ("Legacy Retirement Plan") (together, the "Plans"), and that Defendant breached certain fiduciary duties owed to the Plans and the Plans' participants under ERISA.  More specifically, Plaintiffs allege Defendant breached certain fiduciary duties by causing the Plans to incur higher administrative fees and expenses than reasonable and necessary.  Plaintiffs also allege Defendant breached certain fiduciary duties by continuing to permit investment by the Plans' participants in the TIAA Traditional Annuity, the CREF Stock Account, and the TIAA Real Estate Account.  Finally, Plaintiffs allege Defendant engaged in certain prohibited transactions under Section 406 of ERISA, 29 U.S.C. § 1106.  The Complaint seeks equitable and compensatory relief pursuant to ERISA §§ 409 and 502(a)(2), specifically the restoration by Defendant to the Plans of losses allegedly caused by Defendant's alleged breaches of fiduciary duties.  The Complaint also seeks costs and attorneys' fees pursuant to ERISA § 502(g) and the common fund doctrine.

C.    Plaintiffs brought this action on behalf of a proposed class of current and former participants in the Plans.  (ECF No. 1, at ¶ 106.)

D.    Defendant moved to dismiss the Complaint (ECF No. 21) and, on July 11, 2018, the Court granted in part, and denied in part, Defendant's motion to dismiss (ECF No. 33).  Defendant filed an Answer to the Complaint on August 10, 2018.  (ECF No. 36.)

E.    The Parties, through their counsel, have conducted extensive, arm's-length negotiations concerning a possible compromise and settlement of the Action, including participating in mediation in Chicago, Illinois before the Honorable Morton Denlow (Ret.) of JAMS on January 8, 2019.  In advance of mediation, Defendant provided Plaintiffs with

---

[1]    Plaintiff Samira Pardanani was voluntarily dismissed from this case on July 10, 2017.

thousands of pages of documents covered by Plaintiffs' initial set of requests for production of documents. No settlement was reached at the end of the January 8, 2019 mediation; however, discussions between the Parties and Judge Denlow continued and, on January 30, 2018, the Parties reached an agreement in principle to the terms of the proposed settlement (the "Settlement").

      F.      The terms "Settlement Class" or "Members of the Settlement Class" as used in this Agreement shall refer to:

> All participants and beneficiaries who had an account balance in either the Brown University Deferred Vesting Retirement Plan or the Brown University Legacy Retirement Plan (the "Plans") during the Class Period, excluding any participant who is a fiduciary to either of the Plans.

The "Class Period" shall be defined as July 6, 2011 through the date of Preliminary Approval, as defined in paragraph 2 below.

      G.      Defendant vigorously denies each and every allegation of wrongdoing made in the Complaint and contends that it has no liability in the Action. Defendant specifically denies the allegations that it breached any fiduciary duty or any other provisions of ERISA in connection with the administrative fees or expenses incurred by the Plans, or the investments in the Plans, at any time, and further denies that it in any way failed to act prudently or loyally to the Plans' participants and beneficiaries.

      H.      Plaintiffs' counsel have conducted a thorough investigation into the facts, circumstances, and legal issues associated with the Action. This investigation has included: (i) researching the applicable law with respect to the claims asserted in the Action and the potential defenses thereto; and (ii) inspecting, reviewing, and analyzing numerous documents concerning the Plans and the administration of the Plans, including more than 4,000 pages of documents produced by Defendants in advance of mediation, particularly as such documents

pertain to the administrative fees and expenses paid by the Plans, and the investments in the Plans during the Class Period.

I.     Defendant's counsel also has conducted a thorough investigation into Plaintiffs' claims, the underlying events and transactions alleged in the Complaint, and the operation and administration of the Plans.  Defendant's counsel has reviewed numerous documents and made a thorough study of the legal principles applicable to Plaintiffs' actual and potential claims in the Action.

J.     Based on their investigation of the merits of this Action, the litigation of this Action, and their knowledge and experience pursuing such actions generally, Plaintiffs' counsel believe that the Settlement will provide substantial benefits to the Settlement Class.  When the benefits conferred by the Settlement are weighed against the attendant risks of continuing the prosecution of the Action, Plaintiffs' counsel believe that the Settlement represents a reasonable and fair resolution of the claims of the Settlement Class.   In reaching such a conclusion, Plaintiffs' counsel have considered, among other things, the risks of litigation (including the risks of establishing both liability and any loss to the Plan), the time necessary to achieve a final resolution through litigation and any appeals, the complexity of the claims set forth in the Complaint, the ability of Defendant to withstand judgment, the existence of insurance coverage, and the benefits accruing to the Plans' participants under the Settlement.

K.     Although Defendant continues to deny all liability with respect to any and all of the claims alleged in the Complaint, Defendant nevertheless considers it desirable that any and all possible controversies and disputes arising out of or during the Class Period which relate to the matters, transactions, and occurrences referenced in the Complaint and/or related to the Plans and the investment options in the Plans, be conclusively settled and terminated on the terms and

conditions set forth below. The settlement of the Action and the attendant final dismissal of the Complaint will avoid the substantial expense, inconvenience, and risk of continued litigation and will bring Plaintiffs' claims and potential claims to an end.

L.      The Parties have reached this Settlement, by and through their respective undersigned counsel, on the terms and conditions set forth in this Agreement.

M.      Defendant, by entering into this Agreement, does not admit to the truth of any allegation contained in the Action or to any fault, liability, or wrongdoing whatsoever.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by the Parties, in consideration of the promises, covenants, and agreements herein described, and the Parties, intending to be legally bound, do hereby mutually agree as follows, subject to the approval of the Court:

## Stipulation to Certification of the Settlement Class

1.      The Parties stipulate and agree that for settlement purposes only this Action shall proceed as a non-opt out class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(1), with Plaintiffs' counsel Schneider Wallace Cottrell Konecky Wotkyns LLP and Berger Montague PC as co-lead class counsel ("Class Counsel"), and with a Settlement Class as defined in Paragraph F of this Agreement.

## Preliminary Approval

2.      Promptly after the execution of this Agreement by the Parties, but no later than March 1, 2019, Plaintiffs shall file a Motion for Preliminary Approval with the Court, seeking entry of an order substantially in the form attached hereto as **Exhibit 1** (the "Preliminary Approval Order") and approval of notice to the Members of the Settlement Class, substantially in the form attached as **Exhibit 2** to the Stipulation ("Class Notice"). Plaintiffs shall request that a final fairness hearing be held at least one hundred (100) days from the date of the entry of the

Preliminary Approval Order for the Court to consider whether the terms of this Settlement are fair, reasonable, and adequate and thus should be finally approved and implemented by the Court pursuant to Federal Rule of Civil Procedure 23(e).  Defendant shall in good faith support the motion for preliminary approval and will not oppose the motion, provided it is consistent with the terms and conditions of the Settlement.  Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Defendant shall, at its own expense, cause to be prepared and provided the notices required by CAFA, as specified by 28 U.S.C. § 1715, within ten (10) calendar days of filing the Motion for Preliminary Approval of Settlement.  Class Counsel will be copied on any and all CAFA notices provided by Defendant pursuant to this Paragraph.

3.     Subject to Defendant's reasonable approval and the Court's approval in the Preliminary Approval Order, Class Counsel shall retain at their discretion a person or firm to administer Class Notice to the Members of the Settlement Class (the "Settlement Administrator").  The Settlement Administrator shall cause the Class Notice to be disseminated in the manner and on the dates set in the Preliminary Approval Order to Members of the Settlement Class.  Costs associated with the Class Notice shall be paid out of the Settlement Fund, as that term is defined herein.

## Final Approval

4.     If the Settlement (including any modification thereto made with the consent of the Parties as provided for herein) is preliminarily approved by the Court, Class Counsel shall move the Court to enter an Order and Final Judgment substantially in the form attached hereto as **Exhibit 3** (the "Final Approval Order"), which among other things:

(a)     approves the Settlement, adjudges the terms thereof to be fair, reasonable, adequate, and in the best interests of the Settlement Class, and directs consummation of the Settlement in accordance with the terms and conditions of the Stipulation;

(b)    certifies the Settlement Class as a non-opt-out class meeting the applicable requirements for a settlement class imposed by Federal Rule of Civil Procedure 23;

(c)    determines that the requirements of Federal Rule of Civil Procedure 23 and due process have been satisfied in connection with the distribution of the Class Notice to the Settlement Class;

(d)    approves a Plan of Allocation consistent with Paragraph 24 of this Agreement;

(e)    determines what legal fees and expenses should be awarded or reserved for award to Class Counsel out of the Settlement Amount as contemplated by Paragraphs 19-22 of this Agreement;

(f)    determines what amount, if any, should be awarded to Plaintiffs for their participation in this Action as contemplated by Paragraph 23 of this Agreement;

(g)    dismisses the Action with prejudice as to Defendant and operates to extinguish, discharge, and release any and all Released Claims against the Releasees (as defined in Paragraph 7 of this Agreement), without costs except as herein provided, said dismissal being subject only to compliance by the Parties with the terms of this Agreement and any order of the Court concerning this Agreement;

(h)    bars and enjoins Members of the Settlement Class and the Plans from the institution and prosecution, either directly or indirectly, of any other actions in any court asserting any and all Released Claims against any and all Releasees; and

(i)    permanently enjoins the Plaintiffs, Members of the Settlement Class, and the Plans from asserting, commencing, prosecuting or continuing, either directly, individually, representatively, derivatively or in any other capacity, any other actions in

any court asserting such Released Claims or from receiving any additional recovery or relief from any Releasees with respect thereto.

5.     Class Counsel shall file with the Court a motion for entry of the Final Approval Order no later than twenty-eight (28) calendar days before the final fairness hearing.

### Date of Complete Settlement Approval

6.     For purposes of this Agreement, "Complete Settlement Approval" shall occur when all of the following have taken place: (a) entry of the Final Approval Order approving the Settlement; and (b) the expiration of all applicable appeal periods for any appeals of the Final Approval Order, without any appeal having been filed or, if an appeal is taken, upon entry of an order affirming the Final Approval Order, and the expiration of any applicable period for the reconsideration, rehearing, or appeal of such affirmance without any motion for reconsideration, rehearing, or further appeal having been filed.   Upon Complete Settlement Approval, the Settlement shall become "Final."   The pendency of unresolved issues regarding the Plan of Allocation and/or attorneys' fees/expenses shall not affect the finality of the Settlement.

### Release

7.     Upon Complete Settlement Approval, Plaintiffs, Members of the Settlement Class and the Plans (by and through the Independent Fiduciary) shall release any and all claims of any nature whatsoever (including claims for any and all losses, damages, unjust enrichment, attorney's fees, disgorgement of fees, litigation costs, injunction, declaration, contribution, indemnification or any other type or nature of legal or equitable relief), including, for the avoidance of any doubt, all claims asserted in the Complaint, for losses suffered by the Plans, Plans' participants, or beneficiaries, whether accrued or not, whether already acquired or acquired in the future, whether known or unknown, in law or equity, brought by way of demand, complaint, cross-claim, counterclaim, third-party claim or otherwise, arising out of any or all of

the acts, omissions, facts, matters, transactions or occurrences that are, were or could have been alleged, asserted, or set forth in the Complaint, so long as they are related to any of the allegations or claims asserted in the Complaint, or would be barred by principles of *res judicata* had the claims asserted in the Complaint been fully litigated and resulted in a final judgment or order, including but not limited to claims that Defendant and/or any fiduciaries of the Plans breached ERISA fiduciary duties during the Class Period or engaged in any prohibited transactions in connection with: (a) the selection, retention and/or monitoring of the investment options available in the Plans, (b) the appointment and/or monitoring of the Plans' fiduciaries, (c) the recordkeeping fees, administrative fees, and expenses incurred by the Plans, (d) the prudence and loyalty of the Plans' fiduciaries, and/or (e) the TIAA participant loan program available under the Plans ("Released Claims"). The Released Claims shall not include claims relating to the covenants or obligations set forth in this Settlement Agreement, and this Settlement Agreement does not in any way bar, limit, waive or release any individual claims pertaining to computations of or errors in individual benefit calculations or failure to follow participant instructions or failure to comply with the terms of the Plans (except to the extent that any such claim may relate to the claims asserted in the Complaint). Without in any way limiting the foregoing release, and solely for the avoidance of doubt, it is the intent of the parties that the Released Claims include all breach of fiduciary duty and prohibited transaction claims against the University relating to TIAA's participant loan program, but it is not the intent of the parties to release the claims alleged by the plaintiffs against TIAA in *Haley v. Teachers Insurance and Annuity Association*, 1:17-cv-00855-JPO (S.D.N.Y.) (the "*Haley* plaintiffs") in connection with TIAA's loan program under the Plans, to the extent that the *Haley* plaintiffs have such claims under *Harris Trust & Savings Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238 (2000).

Released Claims shall extend to the Defendant and the insurers and re-insurers, directors, officers, employees, committees, fiduciaries, administrators, agents, attorneys, affiliates, predecessors, and successors of the Defendant, including, without limitation, any and all current or former fiduciaries of the Plans, and service providers to the Plans, including TIAA, Fidelity and CapTrust, during the Class Period (collectively, the "Releasees").

8.     Upon Complete Settlement Approval, Plaintiffs, Members of the Settlement Class, and the Plans (by and through the Independent Fiduciary) expressly waive and relinquish, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by (a) § 1542 of the California Civil Code, which provides that a "general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party," and (b) any similar state, federal, or other law, rule or regulation or principle of common law of any domestic or foreign governmental entity.  Plaintiffs, Members of the Settlement Class, and the Plans may hereafter discover facts other than or different from those that they know or believe to be true with respect to the subject matter of the Released Claims with respect to any Releasees, but Plaintiffs, Members of the Settlement Class, and the Plans hereby expressly waive and fully, finally and forever settle and release any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim with respect to the Released Claims, without regard to the subsequent discovery or existence of such other or different facts.

9.     Upon Complete Settlement Approval, Defendant absolutely and unconditionally releases and forever discharges Plaintiffs, the Settlement Class, and Plaintiffs' counsel (collectively, the "Plaintiff Released Parties") from any and all Claims relating to the institution

or prosecution of the Action or the settlement of any Released Claims, except that the release shall not include claims relating to the covenants or obligations set forth in this Settlement Agreement.    The Parties intend the Settlement to be a final and complete resolution of all disputes asserted or which could have been asserted by Plaintiffs, the Settlement Class, the Plans, and Class Counsel against the Releasees with respect to the Released Claims.    Accordingly, Plaintiffs and Defendant agree not to assert in any forum that the claims asserted in the Action were brought or defended in bad faith or without a reasonable basis.    The Parties shall not assert any contention regarding a violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the Action and agree that, except as expressly set forth herein, each party shall bear his, her, or its own costs and expenses, including attorneys' fees.

## Payment of Settlement Amount

10.    Plaintiffs, on behalf of the Settlement Class and the Plans, agree to settle and resolve fully the claims asserted in the Action against the Releasees, including the Released Claims, for three million five hundred thousand dollars ($3,500,000) (the "Settlement Amount"), plus the Prospective Relief described in Paragraph 29 below.    In full settlement of the claims asserted in the Action against Defendant and in consideration of the releases specified in Paragraphs 7-9 above, Defendant shall pay and/or shall cause the Defendant's insurance carrier to pay the Settlement Amount and, in addition, Defendant shall provide the Prospective Relief as described in Paragraph 29 below.

11.    Within fifteen (15) calendar days after the Court enters a Preliminary Approval Order, Defendant shall pay and/or shall cause the Defendant's insurance carrier to pay $100,000 of the Settlement Amount to a FDIC-insured account identified by Class Counsel (the "Settlement Account") to cover the initial Settlement Administrative Expenses and the costs of

sending Notice to the Settlement Class.  Within fifteen (15) calendar days after Complete Settlement Approval such that the Settlement has become Final, Defendant shall pay and/or shall cause the Defendant's insurance carrier to pay the remaining balance ($3,400,000) of the Settlement Amount to the Settlement Account.  Defendant shall pay and/or cause the Defendant's insurance carrier to pay the Settlement Amount consistent with the terms of this Settlement.  Except as otherwise provided herein, under no circumstances shall Defendant or Defendant's insurance carrier be required to pay, or cause to be paid, more than the Settlement Amount and the Independent Fiduciary Fees Amount specified in Paragraph 18.  Upon payment of the Settlement Amount and Independent Fiduciary Fees Amount, all of Defendant's payment obligations under this Agreement shall be satisfied and discharged in full.  To the extent the Settlement Amount will be funded by insurance proceeds, for purposes of this Agreement, any such amounts shall be considered to have been paid by Defendant.

12.     The Settlement Amount delivered to the Settlement Account shall constitute the "Settlement Fund," which shall be governed by the terms of this Agreement.  No later than five (5) calendar days following the Court's entry of the Preliminary Approval Order, Class Counsel shall provide Defendant with the name of the financial institution and the payee name along with the W-9 for the Settlement Account.  The Settlement Fund will be subject to the jurisdiction of the Court.

13.     The Settlement Fund shall be used to pay for: (a) all Settlement Administration Expenses as described in Paragraphs 17; (b) the attorneys' fee and expense award, if any, referred to in Paragraphs 19-22, (c) the Plaintiff case contribution awards, if any, referred to in Paragraph 23; and (d) any amounts for the Independent Fiduciary above the initial $25,000 Independent Fiduciary Fees Amount referred to in Paragraph 18.  The balance of the Settlement

Fund (inclusive of interest earned) after the matters described in this Paragraph and after the payment of any taxes or other charges allowed against the Settlement Fund under the terms of this Agreement shall be the Net Settlement Fund.

14.    Although Defendant denies any fault, liability, or wrongdoing, the Parties agree that the payment of the Settlement Amount is intended as settlement of alleged breach of fiduciary duty claims under ERISA for allegedly lost earnings on the Plans assets and shall be treated as earnings for all purposes under the Plans.

15.    With the sole exception of the Defendant's obligation to make payments or to cause Defendant's insurance carrier to make payments to be paid to the Settlement Account as provided for in Paragraphs 10-12, the Defendant, its insurance carrier, and Defendant's Counsel shall have no liability with respect to the Settlement Account for the monies maintained in the Settlement Fund, including, without limitation, any liability related to any fees, taxes,[2] investment decisions, losses or value fluctuations, maintenance, supervision, or distributions of any portion of the Settlement Amount.  In addition, Defendant, Plaintiffs and their respective counsel shall have no responsibility or liability with respect to any act, omission, or determination of the Settlement Account by the Settlement Administrator or any of their respective designees or agents, in connection with the calculations of the distribution and administration of the Settlement or the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund.

**Payment of Settlement Administrative Expenses**

16.    Upon preliminary approval by the Court, all reasonable expenses incurred by the Settlement Administrator associated with identifying the Members of the Settlement Class and

---

[2] "Taxes" means all taxes on the income of the Settlement Fund and expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, interest,

effecting dissemination of the Class Notice as required by the Court in the Preliminary Approval Order may be paid from the initial payment of $100,000 to the Settlement Account referenced in Paragraph 11.  Defendant shall cause the information necessary to effectuate the dissemination of the Class Notice to be sent to the Settlement Administrator in electronic form within ten (10) business days of entry of the Preliminary Approval Order.

17.     "Settlement Administration Expenses" includes all of the reasonable costs and expenses of: (1) the Settlement Administrator in connection with the tasks set forth in Paragraphs 16, 22, 25, 26, and 27; (2) TIAA and Fidelity in connection with the tasks set forth in Paragraph 26; and (3) Retirement Clearinghouse in connection with the tasks set forth in Paragraph 27. All Settlement Administration Expenses shall be borne by and paid from the Settlement Fund.

## Payment of Fees and Expenses of the Independent Fiduciary

18.     Defendant shall select and retain an independent fiduciary to review and consider the Settlement on behalf of the Plans and its current fiduciary or fiduciaries, and determine whether the Settlement is reasonable and fair, as more fully described in Paragraph 32(b) below. Defendant shall pay or cause to be paid by Defendant's insurance carrier all fees and expenses incurred by the Independent Fiduciary in the course of evaluating the Settlement (as described in Paragraph 32(b) of this Agreement), including fees and expenses incurred by attorneys, consultants, and advisers retained or employed by the Independent Fiduciary, up to $25,000 (the "Independent Fiduciary Fees Amount").  The Independent Fiduciary Fees Amount is not considered part of the Settlement Amount.  Any costs of the Independent Fiduciary in excess of the $25,000 Independent Fiduciary Fees Amount shall be borne by and paid from the Settlement Fund.

_____

penalties and the expenses of tax attorneys and accountants).

## Payment of Attorneys' Fees and Expenses

19.     Class Counsel's attorneys' fees and expenses will be subject to the Court's approval and shall be paid out of the Settlement Fund as specified in Paragraph 12 of this Agreement.     Defendant shall take no position directly or indirectly on Class Counsel's application for attorneys' fees and expenses, provided that Class Counsel do not request an award of attorneys' fees higher than 30% of the Settlement Amount, and Defendant shall leave the amount to the sound discretion of the Court.

20.     The Court's consideration of requests for Class Counsel's fees and expenses are matters separate and apart from the Settlement between the Parties, and the Court's decision concerning the attorneys' fees and expenses of Class Counsel shall not affect the validity of the Agreement or finality of the Settlement in any manner.

21.     Class Counsel shall be solely responsible for allocating the Class Counsel's fees and expenses among Plaintiffs' counsel.  Any award of attorneys' fees shall be allocated among Plaintiffs' counsel in a fashion which, in the opinion of Class Counsel, fairly compensates Plaintiffs' counsel for their respective contributions in the prosecution of the Action.  Defendant shall bear no responsibility for this allocation or be subject to any claims or suit under this Agreement or otherwise.

22.     No later than twenty-eight (28) calendar days prior to the final fairness hearing, Class Counsel will apply to the Court for a collective award of attorneys' fees and reimbursement of litigation expenses.  Upon funding of the Settlement Fund following Complete Settlement Approval, as contemplated in Paragraph 11, Class Counsel may instruct the Settlement Administrator in writing to disburse such payments immediately from the Settlement Account in accordance with the Court's Final Approval Order.  Defendant shall have no

obligations whatsoever with respect to any attorneys' fees or expenses incurred by Plaintiffs' counsel, which shall be payable solely from the Settlement Fund.

23.    No later than twenty-eight (28) calendar days prior to the final fairness hearing, Class Counsel may also apply to the Court for case contribution awards to Plaintiffs Short, Daviau and Barboza in an amount not to exceed $5,000 per Plaintiff.  Defendant will take no position with respect to any such applications for Plaintiffs' case contribution awards.  Defendant shall have no obligations whatsoever with respect to any case contribution awards, which shall be payable solely from the Settlement Fund.  Upon funding of the Settlement Fund following Complete Settlement Approval, as contemplated in Paragraph 11, Class Counsel may instruct the Settlement Administrator in writing to disburse such case contribution awards immediately from the Settlement Account in accordance with the Court's Final Approval Order.

**Plan of Allocation**

24.    The Plan of Allocation shall be prepared by Class Counsel and submitted to the Court for approval in connection with Final Approval of the Settlement.  The Court's approval of the Plan of Allocation is not a material or integral part of or condition to the Settlement, and the Court's rejection or modification of the Plan of Allocation shall neither entitle Plaintiffs or Defendant to withdraw from or terminate the Settlement, nor affect the finality of the Settlement or Final Approval thereof.

25.    Class Counsel shall retain the Settlement Administrator to calculate the amounts payable to Members of the Settlement Class.  The Settlement Administrator shall be exclusively responsible for calculating the amounts payable to Members of the Settlement Class pursuant to the Plan of Allocation based on information to be provided by the Plans' recordkeepers or fiduciary.  Defendant, Plaintiffs and their respective counsel shall have no responsibility or

liability for the Plan of Allocation calculations or the expenses incurred in connection with the calculations.

26.    For those Members of the Settlement Class who have an account in either of the Plans as of the date of entry of the Final Approval Order (the "Account Members"), the distribution will be made into his or her account in the Brown University Deferred Vesting Retirement Plan or the Brown University Legacy Retirement Plan. The Settlement Administrator shall cause an amount equal to the portion of the Net Settlement Fund allocated under the Plan of Allocation to the Account Members, along with data and other supporting information identifying the settlement share amount owed to each Account Member, to be transferred to the Plans' existing recordkeepers in accordance with the recordkeepers' requirements for receiving same.  The Plans' recordkeepers will then distribute the individual settlement shares to the Account Members pursuant to the data and other supporting information provided by the Settlement Administrator, and in accordance with instructions from Class Counsel and the Plan of Allocation.

27.    For those Members of the Settlement Class who no longer have an account in either of the Plans as of the date of entry of the Final Approval Order (the "Non-Account Members"), the distribution will be made via a tax-qualified distribution process with the assistance of Retirement Clearinghouse.  The Settlement Administrator shall cause an amount equal to the portion of the Net Settlement Fund allocated under the Plan of Allocation to the Non-Account Members, along with data and other supporting information identifying the settlement share amount owed to each Non-Account Member, to be transferred to Retirement Clearinghouse in accordance with Retirement Clearinghouse's requirements for receiving same as safe-harbor automatic rollovers as described in 29 C.F.R § 2550.404a-2 pursuant to the data

and other supporting information provided by the Settlement Administrator, to be administered in accordance with that regulation.  Retirement Clearinghouse will then notify each individual Non-Account Member of the establishment of the automatic rollover IRA and the methods and means by which to access and manage such account.   No Non-Account Member whose entitlement to payment pursuant to the Plan of Allocation would otherwise be less than twenty-five dollars ($25) shall receive any payment from the Net Settlement Fund.

28.     Defendant, Plaintiffs and their respective counsel shall have no responsibility or liability for the distribution of the Net Settlement Fund to Members of the Settlement Class.

## **Prospective Relief**

29.     Upon Complete Settlement Approval, Defendant agrees: (a) to use commercially reasonable best efforts to further reduce recordkeeping fees from the Plans' two recordkeepers for a period three (3) years from the date of entry of the Final Approval Order, and in the event that fees increase despite Brown's efforts, Brown will notify participants and explain the occurrence; and (b) to conduct a Request for Proposal ("RFP") process for the role of independent investment advisor to the Plans (collectively, the "Prospective Relief").  The term "commercially reasonable best efforts" as used in connection with the obligation to try to reduce recordkeeping fees means a good-faith, annual effort to achieve the best rate available in the marketplace for recordkeeping services for 403(b) plans comparable to the Plans.

30.     The Parties recognize that the Prospective Relief described in Paragraph 29 will benefit the Plans' participants, including the Settlement Class Members.  In order to ensure that these prospective actions affecting the Plans are not subject to future potentially inconsistent challenges or standards, and in recognition of the Defendant having agreed to make such prospective actions, the Settlement Class Members agree that, for a period of three (3) years

from the date of entry of the Final Approval Order, they will not sue the Releasees for any and all claims relating to the Prospective Relief (the "Covenant Not to Sue").

## **Right to Withdraw from the Settlement**

31.     Each of the Parties shall have the option to withdraw unilaterally from and terminate the Settlement in the event that: (a) either the Preliminary Approval Order or the Final Approval Order referred to above is not entered substantially in the forms specified herein, including such modifications thereto as may be ordered by the Court with the consent of the Parties; or (b) the Settlement is not approved by the Court or is disapproved or materially modified upon appeal.

32.     Defendant shall have the right to withdraw from this Settlement and terminate the Agreement if:

(a)     on or before fourteen (14) calendar days before the Court's final fairness hearing, the United States Department of Labor files any objection to the Agreement or Settlement in any court, brings a claim against any Releasees relating to the Released Claims, or notifies any Releasee that it intends to file such a Claim; or

(b)     any Independent Fiduciary retained by the Plans or its remaining fiduciary evaluates but fails to approve the Settlement on or before fourteen (14) calendar days prior to the Court's final fairness hearing.  The Settlement is contingent upon the Independent Fiduciary's: (i) approving the Settlement and giving a release in its capacity as a fiduciary of the Plans and for and on behalf of the Plans coextensive with the release from the Plaintiffs and the Members of the Settlement Class; (ii) authorizing the Settlement in accordance with Prohibited Transaction Class Exemption 2003-39; and (iii) finding that the Settlement does not constitute a prohibited

transaction under ERISA § 406(a). The Defendant shall request that the Plans' current fiduciaries move promptly to engage such an Independent Fiduciary and seek to obtain this authorization or finding. All Parties shall cooperate in providing information to the Independent Fiduciary upon request.

33.     In the event that the Settlement is terminated pursuant to Paragraphs 31 or 32 of this Agreement, then: (a) the Settlement proposed herein shall be of no further force and effect; (b) the agreements and stipulations in this Agreement concerning class definition or class certification will not be used as evidence or argument to support class certification or class definition, and Defendant will retain all rights to oppose class certification; and (c) this Agreement and all negotiations, proceedings, and statements relating thereto, and any amendment thereof, shall be null and void, shall not be submitted or admitted in the Action or any other proceeding, and shall be without prejudice to any party hereto, and each party shall be restored to his, her, or its respective position as it existed prior to the execution of this Stipulation. In particular, should any funds remain in the Settlement Account as of the date of termination of this Settlement, all such funds shall be returned to the payor (whether Defendant or their insurance carrier) within five (5) business days, along with an accounting of all funds previously disbursed from the Settlement Account.

**Severability**

34.     The provisions of this Agreement are not severable.

**Authority**

35.     Each of the individuals executing the Agreement on behalf of one or more of the Parties hereto warrants and represents that he or she has been duly authorized and empowered to execute this Stipulation on behalf of his or her respective Party.

## **Stipulation of Settlement Not an Admission**

36.     The provisions contained in this Agreement and all negotiations, statements and proceedings in connection therewith shall not be deemed a presumption, a concession, or an admission by Defendant of any fault, liability, or wrongdoing as to any fact or claim alleged or asserted in the Action or any other actions or proceedings and shall not be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any person in these or any other actions or proceedings, whether civil, criminal or administrative, except in a proceeding to enforce the terms or conditions of this Stipulation.  Defendant has denied and continues to deny each and every claim alleged in the Action.  Furthermore, this Agreement shall not be construed as or received in evidence as an admission, concession, or presumption against any Plaintiff or any of the Members of the Settlement Class that any of their claims are without merit, or that any defenses asserted by Defendant have any merit, or that damages recoverable under the Action would not have exceeded the Settlement Amount.  Accordingly, neither this Agreement nor the Settlement nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement:  (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or invalidity of any Released Claim, or of any wrongdoing or liability or lack thereof of any Releasee; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission or lack thereof of any Releasee in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal.  The Releasees may file the Agreement and/or the Final Approval Order in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, claim or issue preclusion, release, good-faith settlement, judgment bar, or reduction or any other similar defense or counterclaim.  The Parties

and their counsel, and each of them, agree, to the extent permitted by law, that all agreements made relating to the confidentiality of information shall survive and be unaffected by this Agreement.

### Counterparts

37.     This Stipulation may be executed in any number of actual or telecopied (including without limitation, by email transmission of one or more PDF files) counterparts and by each of the different parties thereto on several counterparts, each of which when so executed and delivered shall be an original.  The executed signature page(s) from each actual or telecopied counterpart may be joined together and attached to one such original and shall constitute one and the same instrument.

### Waiver

38.     The waiver by any Party of any breach of this Agreement shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

### Arm's-Length Negotiations

39.     The Parties represent and warrant that they are voluntarily entering into this Agreement as a result of arm's-length negotiations among their counsel, that in executing this Agreement they are relying solely upon their own judgment, belief, and knowledge, and the advice and recommendations of their own independently selected counsel.  Each Party assumes the risk of mistake as to facts or law.  None of the Parties hereto shall be considered to be the drafter of this Agreement or any provision hereof for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

## Entire Agreement; Amendments

40.     This Agreement and the attached Exhibits, incorporated herein by reference, constitute the entire agreement of the Parties with respect to the subject matter hereof, and may not be amended, or any of their provisions waived, except by a writing executed by all Parties hereto.  The Parties: (a) acknowledge that it is their intent to consummate this Agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.  The Parties intend this Agreement to be a final and complete resolution of all disputes between them, relating to or arising out of, the subject matter of the Action, or which otherwise constitute Released Claims.  Accordingly, the Parties agree that the terms of the Agreement represent a good-faith settlement of the claims, reached voluntarily after consultation with experienced counsel.

## Successors and Assigns

41.     This Agreement, upon becoming operative, shall be binding upon and inure to the benefit of the Parties hereto, Releasees, and Plaintiff Released Parties and their respective successors, assigns, heirs, estates, executors and administrators and upon any corporation, partnership or entity into or with which any such person or entity may merge or consolidate.

## Governing Law

42.     This Agreement shall be governed by the laws of the United States, including federal common law, except to the extent that, as a matter of federal law, state law controls, in which case Rhode Island law will apply without regard to conflict of law principles.

## Continuing Jurisdiction

43.     The administration, effectuation, and enforcement of the Stipulation as provided for herein will be under the authority of the Court.  The Court will retain continuing and

exclusive jurisdiction over the Parties and the Members of the Settlement Class and over the administration, effectuation, and enforcement of the terms of the Stipulation and the benefits to Members of the Settlement Class hereunder, and for such other matters that may properly come before the Court, including any dispute or controversy arising with respect to the interpretation, enforcement, or implementation of the Stipulation or any of its terms.  Any such dispute or controversy must be brought to the attention of the Court by written motion.  The Parties and each of the Members of the Settlement Class consent to the jurisdiction of the Court with respect to any proceedings brought to enforce or interpret this Settlement and hereby waive all objections to venue and personal and subject matter jurisdiction in that regard.

## **Best Efforts**

44.     The Parties hereto and their attorneys agree to cooperate fully with one another in seeking the Court's approval of this Agreement and the Settlement and to use their best efforts to effect the confirmation of this Agreement and the Settlement.

45.     In addition, the Parties hereto and their attorneys agree to cooperate fully with one another and use their best efforts to obtain the names and last known addresses of the Members of the Settlement Class.

This 8 day of _____, 2019.

BY PLAINTIFFS:

DIANE G. SHORT

_____
Diane Short

JUDITH DAVIAU

_____
Judith Daviau

JOSEPH BARBOZA

_____
Joseph Barboza

BY PLAINTIFFS' COUNSEL:

SCHNEIDER WALLACE COTTRELL
KONECKY WOTKYNS LLP

_____
John Nestico

BERGER MONTAGUE PC

_____
Todd Collins

LAW OFFICES OF SONJA L. DEYOE

_____
Sonja L. Deyoe

BY DEFENDANT:

BROWN UNIVERSITY

_____
By:

BY DEFENDANT'S COUNSEL:

NIXON PEABODY LLP

_____
Charles M. Dyke

ALSTON & BIRD LLP

_____
H. Douglas Hinson

This _____ day of _____

BY PLAINTIFFS:

DIANE G. SHORT

_____
Diane Short

JUDITH DAVIAU

_____
Judith Daviau

JOSEPH BARBOZA

_____
Joseph Barboza

BY PLAINTIFFS' COUNSEL:

SCHNEIDER WALLACE COTTRELL
KONECKY WOTKYNS LLP

_____
John Nestico

BERGER MONTAGUE PC

_____
Todd Collins

LAW OFFICES OF SONJA L. DEYOE

_____
Sonja L. Deyoe

BY DEFENDANT:

BROWN UNIVERSITY

_____
By:

BY DEFENDANT'S COUNSEL:

NIXON PEABODY LLP

_____
Charles M. Dyke

ALSTON & BIRD LLP

_____
H. Douglas Hinson

This _____ day of _____, 2019.

| | |
|---|---|
| **BY PLAINTIFFS:** | **BY DEFENDANT:** |
| DIANE G. SHORT | BROWN UNIVERSITY |
| _____ | _By:_ _James M. Green_ |
| Diane Short | _JAMES M. GREEN_ |
| | _DEPUTY GENERAL COUNSEL_ |
| JUDITH DAVIAU | **BY DEFENDANT'S COUNSEL:** |
| _____ | NIXON PEABODY LLP |
| Judith Daviau | |
| | _____ |
| JOSEPH BARBOZA | Charles M. Dyke |
| _____ | ALSTON & BIRD LLP |
| Joseph Barboza | |
| | _____ |
| **BY PLAINTIFFS' COUNSEL:** | H. Douglas Hinson |
| SCHNEIDER WALLACE COTTRELL KONECKY WOTKYNS LLP | |
| _____ | |
| John Nestico | |
| BERGER MONTAGUE PC | |
| _____ | |
| Todd Collins | |
| LAW OFFICES OF SONJA L. DEYOE | |
| _____ | |
| Sonja L. Deyoe | |

This ⏟ __ day of *March* , 2019.

| BY PLAINTIFFS: | BY DEFENDANT: |
|---|---|
| DIANE G. SHORT | BROWN UNIVERSITY |
| _Diane Short_ | _____ |
| Diane Short | By: |
| | |
| JUDITH DAVIAU | BY DEFENDANT'S COUNSEL: |
| _____ | NIXON PEABODY LLP |
| Judith Daviau | |
| | _____ |
| JOSEPH BARBOZA | Charles M. Dyke |
| _____ | |
| Joseph Barboza | ALSTON & BIRD LLP |
| | |
| BY PLAINTIFFS' COUNSEL: | _____ |
| | H. Douglas Hinson |
| SCHNEIDER WALLACE COTTRELL KONECKY WOTKYNS LLP | |
| _John Nestico_ | |
| John Nestico | |
| | |
| BERGER MONTAGUE PC | |
| _Todd Collins_ | |
| Todd Collins | |
| | |
| LAW OFFICES OF SONJA L. DEYOE | |
| _____ | |
| Sonja L. Deyoe | |

-25-

This _11th_ day of _March_, 2019.

| BY PLAINTIFFS: | BY DEFENDANT: |
|---|---|
| DIANE G. SHORT | BROWN UNIVERSITY |
| _____ | _____ |
| Diane Short | By: |
| JUDITH DAVIAU | BY DEFENDANT'S COUNSEL: |
| _____ | NIXON PEABODY LLP |
| Judith Daviau | _____ |
| | Charles M. Dyke |
| JOSEPH BARBOZA | |
| _____ | ALSTON & BIRD LLP |
| Joseph Barboza | _____ |
| BY PLAINTIFFS' COUNSEL: | H. Douglas Hinson |
| SCHNEIDER WALLACE COTTRELL KONECKY WOTKYNS LLP | |
| _____ | |
| John Nestico | |
| BERGER MONTAGUE PC | |
| _____ | |
| Todd Collins | |
| LAW OFFICES OF SONJA L. DEYOE | |
| _____ | |
| Sonja L. Deyoe | |

This 11th day of March, 2019.

| | |
|---|---|
| **BY PLAINTIFFS:** | **BY DEFENDANT:** |
| DIANE G. SHORT | BROWN UNIVERSITY |
| _____ | _____ |
| Diane Short | By: |
| JUDITH DAVIAU | **BY DEFENDANT'S COUNSEL:** |
| _____ | NIXON PEABODY LLP |
| Judith Daviau | _____ |
| JOSEPH BARBOZA | Charles M. Dyke |
| _____ | ALSTON & BIRD LLP |
| Joseph Barboza | _____ |
| **BY PLAINTIFFS' COUNSEL:** | H. Douglas Hinson |
| SCHNEIDER WALLACE COTTRELL KONECKY WOTKYNS LLP | |
| _____ | |
| John Nestico | |
| BERGER MONTAGUE PC | |
| _____ | |
| Todd Collins | |
| LAW OFFICES OF SONJA L. DEYOE | |
| _____ | |
| Sonja L. Deyoe | |

Exhibit 1

**Proposed Preliminary Approval Order**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

DIANE G. SHORT, SAMIRA PARDANANI,       )
JUDITH DAVIAU, and JOSEPH BARBOZA,      )
Individually and as representatives of a class   )
of participants and beneficiaries in and on      )
behalf of the BROWN UNIVERSITY          )
DEFERRED VESTING RETIREMENT             )
PLAN, and the BROWN UNIVERSITY          )
LEGACY RETIREMENT PLAN,                 )
                                        )       CA NO. 1:17-CV-318-WES-PAS
     Plaintiffs,                       )
                                        )
vs.                                     )
                                        )
BROWN UNIVERSITY in Providence in the   )
State of Rhode Island and Providence    )
Plantations,                            )
                                        )
     Defendant.                        )
_____ )

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT

Currently before the Court for preliminary approval is a Settlement (the "Settlement") of this class action (the "Action") wherein Plaintiffs Diane G. Short, Judith Daviau and Joseph Barboza ("Plaintiffs")[1] have asserted claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA"), with respect to the Brown University Deferred Vesting Retirement Plan ("Deferred Vesting Retirement Plan") and the Brown University Legacy Retirement Plan ("Legacy Retirement Plan") (together, the "Plans") against Defendant Brown University ("Defendant" or "University").   The terms of the Settlement are set out in a Stipulation of Settlement executed on March 11, 2019 (the "Stipulation"), which has been signed by Plaintiffs and their Counsel on behalf of the proposed

---

[1]    Plaintiff Samira Pardanani was voluntarily dismissed from this case on July 10, 2017. (ECF No. 3.)

Settlement Class and Defendant (collectively with Plaintiffs, the "Parties"). Capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Stipulation. The "Settlement Class" is defined in this Order below.

Having considered Plaintiffs' Motion for Preliminary Approval of Proposed Settlement (ECF No. __ ) and the Stipulation attached thereto in order to determine, among other things, whether the Settlement is sufficient to warrant the issuance of notice to members of the proposed Settlement Class, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

<u>**Jurisdiction**</u>. The Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including all Members of the Settlement Class.

<u>**Class Findings**</u>. The Court preliminarily finds, for purposes of the Settlement, that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court and any other applicable law have been met as to the Settlement Class, in that:

(a) The Settlement Class is ascertainable from records kept with respect to the Plans and from other objective criteria, and the Members of the Settlement Class are so numerous that their joinder before the Court would be impracticable.

(b) Based on allegations in Plaintiffs' Complaint (the "Complaint"), the Court preliminarily finds that there are one or more questions of fact and/or law common to the Settlement Class.

(c) Based on allegations in the Complaint, the Court preliminarily finds that the claims of Plaintiffs are typical of the claims of the Settlement Class.

(d) Plaintiffs will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of Plaintiffs and the nature of their alleged claims are consistent with those of the Members of the Settlement Class; (ii) there are no significant conflicts between or among Plaintiffs and the Settlement Class; and (iii) Plaintiffs are represented by qualified, reputable counsel who are experienced in preparing and prosecuting ERISA class actions of this type.

(e) The prosecution of separate actions by individual Members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual class members, that would establish incompatible standards of

conduct for the parties opposing the claims asserted in the Action; or (ii) adjudications as to individual class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede those persons' ability to protect their interests.

**Class Certification**. Based on the findings set out above, the Court **PRELIMINARILY CERTIFIES** the following Settlement Class for settlement purposes under Federal Rule of Civil Procedure 23(b)(1) in this litigation (hereinafter the "Settlement Class"):

All participants and beneficiaries who had a balance in either the Brown University Deferred Vesting Retirement Plan or the Brown University Legacy Retirement Plan (the "Plans") during the Class Period, excluding any participant who is a fiduciary to either of the Plans.

The "Class Period" shall be defined as July 6, 2011 through the date of this Order.

The Court finds that the Settlement Class is sufficiently well-defined and cohesive to warrant certification as a non-opt-out class under Fed. R. Civ. P. 23(a) and 23(b)(1). As required by Fed. R. Civ. P. 23(g), the Court has considered: (i) the work Class Counsel has done in identifying or investigating potential claims in this Action; (ii) Class Counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in this Action; (iii) Class Counsel's knowledge of the applicable law and, in particular, its knowledge of ERISA as it applies to claims of the type asserted in this Action; and (iv) the resources Class Counsel has committed to representing the class.  Based on these factors, the Court finds that Class Counsel has and will continue to represent fairly and adequately the interests of the Settlement Class. Accordingly, pursuant to Federal Rule of Civil Procedure 23(g)(2) the Court preliminarily designates Schneider Wallace Cottrell Konecky Wotkyns LLP and Berger Montague PC as co-lead class counsel, and the Schneider and Berger firms, together with the Law Offices of Sonja L. Deyoe as  class counsel ("Class Counsel") with respect to the Settlement Class in this Action.

As indicated above, the Court finds that Plaintiffs are adequate and typical class representatives for the Settlement Class and, therefore, hereby appoints Plaintiffs Diane G. Short, Judith Daviau and Joseph Barboza as the representatives of the Settlement Class.

The Court having determined preliminarily that this Action may proceed as a non-opt out class action under Fed. R. Civ. P. 23(a) and 23(b)(1), Members of the Settlement Class shall be bound by any judgment concerning the Settlement in this Action, subject to the Court's final determination as to whether this Action may so proceed.

**Preliminary Approval of Settlement**. The Settlement documented in the Stipulation of Settlement is hereby **PRELIMINARILY APPROVED**, as the Court preliminarily finds that: (a) the proposed Settlement resulted from arm's-length negotiations; (b) the Stipulation of Settlement was executed only after Class Counsel had researched and investigated multiple legal and factual issues pertaining to Plaintiffs' claims; (c) there is a genuine controversy between the Parties involving Defendant's compliance with the fiduciary requirements of ERISA; (d) the Settlement appears on its face to be fair, reasonable, and adequate; and (e) the Settlement evidenced by the Stipulation is sufficiently fair, reasonable, and adequate to warrant sending notice of the Action and the Settlement to the Settlement Class.

**Fairness Hearing**. A hearing (the "Fairness Hearing") pursuant to Fed. R. Civ. P. 23(e) is hereby SCHEDULED to be held before the Court on _____2019, at _____.m. in Courtroom __ at the U.S. District Court, One Exchange Terrace, Federal Building and Courthouse, Providence, RI 02903 to determine finally, among other things:

(a) Whether the Settlement should be approved as fair, reasonable, and adequate;

(b) Whether the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23, and should be finally certified as preliminarily found by the Court;

(c) Whether the litigation should be dismissed with prejudice pursuant to the terms

of the Stipulation;

(d) Whether the Final Approval Order attached to the Stipulation should be entered and whether the Releasees should be released of and from the Released Claims, as provided in the Stipulation;

(e) Whether the notice and notice methodology implemented pursuant to the Stipulation (i) were reasonably calculated, under the circumstances, to apprise Members of the Settlement Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Fairness Hearing; (ii) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (iii) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law;

(f) Whether Class Counsel adequately represents the Settlement Class for purposes of entering into and implementing the Stipulation as required by Fed. R. Civ. P. 23(g) and as preliminarily found by the Court;

(g) Whether the proposed Plan of Allocation of the Net Settlement Fund is fair, reasonable, and adequate and should be approved by the Court;

(h) Whether the Settlement has been negotiated at arm's length by Class Counsel on behalf of the Plans and the Settlement Class, whether Plaintiffs have acted independently, whether Plaintiffs' interests are identical to the interests of the Plans and the Settlement Class, and whether the negotiations and consummation of the Settlement by Plaintiffs on behalf of the Plans and the Settlement Class do not constitute "prohibited transactions" as defined by ERISA §§ 406(a) or (b), including whether Prohibited Transaction Exemption 2003-39 or another class exemption from the prohibited transaction rules applies;

(i) Whether the application for attorneys' fees and expenses to be filed by Class Counsel should be approved;

(j) Whether case contribution awards should be awarded to Plaintiffs; and

(k) Any other issues necessary for approval of the Settlement.

**Class Notice**. The Parties have presented to the Court a proposed Class Notice, consisting of a Short Form Class Notice and a Long Form Class Notice, which is appended to the Stipulation as Exhibit 2. The Court **APPROVES** the form and content of the Class Notice finding that it fairly and adequately: (1) describes the terms and effect of the Stipulation and of the Settlement;

(2) gives notice to the Settlement Class of the time and place of the Fairness Hearing; and (3) describes how the recipients of the Class Notice may object to approval of the Settlement. The Parties have proposed the following manner of communicating the notice to Members of the Settlement Class, and the Court finds that such proposed manner is adequate, and directs that Plaintiffs shall:

> (a) By no later than 45 days before the Fairness Hearing, cause the Short Form Class Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be disseminated to the last known address of each Member of the Settlement Class who can be identified by reasonable effort.

> (b) By no later than 45 days before the Fairness Hearing, cause the Long Form Class Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be electronically published on a website maintained by the Settlement Administrator.

At or before the Fairness Hearing, Class Counsel shall file with the Court a proof of timely compliance with the foregoing mailing and publication requirements.

**Objections to Settlement**. "Objector" shall mean any Member of the Settlement Class who wishes to object to the fairness, reasonableness or adequacy of the Settlement, to the Plan of Allocation, to any term of the Stipulation of Settlement, to the proposed case contribution awards, or to the proposed award of attorney fees and expenses. Any Objector must file with the Court a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support or evidence that such Objector wishes to bring to the Court's attention or introduce in support of such objection. Any objection must be signed by the Settlement Class member. The Objector must also mail the objection and all supporting law and evidence to counsel for the Parties, as stated below. The addresses for filing objections with the Court and service on counsel are as follows:

| **COURT CLERK** | **PLAINTIFFS' COUNSEL** | **DEFENDANT'S COUNSEL** |
|---|---|---|
| Clerk, US District Court One Exchange Terrace Federal Building and Courthouse Providence, RI 02903 | SCHNEIDER WALLACE COTTRELL KONECKY WOTKYNS LLP _____ John Nestico BERGER MONTAGUE PC _____ Todd Collins | Charles Dyke Nixon Peabody LLP One Embarcadero Ctr., FL 32 San Francisco, CA94111 Emily Costin Alston & Bird, LLP 950 F St. NW Washington, DC 20004 |

The Objector, or, if represented by counsel, his, her, or its counsel, must both effect service of the objection on counsel listed above and file the objection with the Court at least fourteen (14) calendar days prior to the Fairness Hearing, or by no later than _____, 2019. Any Member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement and any untimely objection shall be barred.

**Appearance at Fairness Hearing**. An Objector who files and serves a timely, written objection in accordance with the paragraph above may also appear at the Fairness Hearing either in person or through counsel retained at the Objector's expense. Objectors or their attorneys intending to appear at the Fairness Hearing must effect service of a "Notice of Intention to Appear" setting forth, among other things, the name, address, and telephone number of the Objector (and, if applicable, the name, address, and telephone number of the Objector's attorney) on counsel identified above and file it with the Court at least fourteen (14) calendar days prior to the Fairness

Hearing, or by no later than _____, 2019.  Any Objector who does not timely file and serve a "Notice of Intention to Appear" in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except for good cause shown. The Parties' counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

**Response to Objectors.** The Parties shall respond to any Objector at least seven (7) calendar days prior to the Fairness Hearing, or by no later than _____, 2019.

**Compliance with Class Action Fairness Act.** Defendant shall, on or before ten (10) calendar days prior to the Fairness Hearing, file with the Court proof of compliance with the Class Action Fairness Act of 2005, as specified in 28 U.S.C. § 1715 and paragraph 2 of the Stipulation.

**Notice Expenses**. Reasonable expenses of effectuating Class Notice shall be paid out of the Settlement Fund.

**Fees and Expenses Incurred by the Independent Fiduciary and Settlement Administrator**. The Court understands that the Plans' fiduciaries have retained or will retain an Independent Fiduciary for the purpose of evaluating the Settlement to determine whether to authorize the Settlement on behalf of the Plans.  Defendant has caused or will cause to be paid all fees and expenses incurred by the Independent Fiduciary (including fees and expenses incurred by consultants, attorneys, and other professionals retained or employed by the Independent Fiduciary) in the course of evaluating and authorizing the Settlement on behalf of the Plans up to $25,000 (the "Independent Fiduciary Fees Amount").  The Independent Fiduciary Fees Amount is not considered part of the Settlement Amount and will not be paid out of the Settlement Fund. However, all costs of the Independent Fiduciary in excess of the $25,000 Independent Fiduciary Fees Amount shall be borne by and paid from the Settlement Fund.   The Court understands that

the expenses incurred by the Settlement Administrator in administering the Settlement and allocating the Settlement Fund pursuant to the Plan of Allocation approved by the Court, including any payable expenses of Retirement Clearinghouse, shall be paid out of the Settlement Fund.

**Application for Attorneys' Fees**. Any application by Class Counsel for attorneys' fees and reimbursement of expenses, for a case contribution award to the Plaintiffs, and all papers in support thereof, shall be filed with the Court and served on all counsel of record at least twenty-eight (28) calendar days prior to the Fairness Hearing, or by no later than _____, 2019.

**Motion for Final Approval of Settlement and Plan of Allocation**. Class Counsel shall file with the Court a motion for entry of the Final Approval Order and approval of the Plan of Allocation at least twenty-eight (28) calendar days prior to the Fairness Hearing, or by no later than _____, 2019.

**Injunction**. Pending final determination of whether the Settlement should be approved, all Members of the Settlement Class and the Plans are each hereby **BARRED AND ENJOINED** from instituting or prosecuting any action that asserts any Released Claim against any Releasees.

**Termination of Settlement**. If the Settlement is terminated in accordance with the Stipulation of Settlement or does not become Final under the terms of the Stipulation of Settlement for any other reason, this Order and all Class Findings shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order.

**Use of Order**. In the event this Order becomes of no force or effect, no part of it shall be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability, nor shall the Order be construed or used as an admission,

concession, or declaration by or against Plaintiffs or the Settlement Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have.

**Continuance of Hearing**. The Court reserves the right to continue the Fairness Hearing without further written notice.

**SO ORDERED** this _____ day of _____, 2019.


_____
Hon. William E. Smith
Chief Judge, United States District Court
for the District of Rhode Island

Exhibit 2

**NOTICE OF CLASS ACTION SETTLEMENT, SETTLEMENT FAIRNESS HEARING, AND MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF ATTORNEY EXPENSES**

This notice advises you of the Settlement of *Short v. Brown University, Case No.* 1:17-cv-00318 (D.R.I) (the "Action"), a class action lawsuit brought by Diane G. Short, Judith Daviau and Joseph Barboza ("Plaintiffs") on behalf of themselves, the Brown University Deferred Vesting Retirement Plan ("Deferred Vesting Retirement Plan") and the Brown University Legacy Retirement Plan ("Legacy Retirement Plan") (together, the "Plans"), and the Members of the Settlement Class described below, against Defendant Brown University ("Defendant" or "University") (collectively with Plaintiffs, the "Parties"). The Action was brought under the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"). The Settlement would release Defendant and related parties from any claims filed against them in the Action. The terms and conditions of the Settlement are set forth in a Stipulation of Settlement (the "Stipulation"). Capitalized terms used in this notice but not defined in this notice have the meanings assigned to them in the Stipulation. The Stipulation and additional information with respect to the Action and the Settlement are available *[here/hyperlink]* or by contacting Class Counsel as described below.

The Parties have agreed to settle this case for $3,500,000 (the "Settlement Amount") plus certain prospective relief. The Court has preliminarily approved the Settlement, which provides for allocation of Settlement funds to Members of the Settlement Class.

The Court has scheduled a hearing concerning final approval of the Settlement and Class Counsel's motion for attorney's fees and expenses and for incentive awards to the Plaintiffs. That hearing, before the Honorable William E. Smith, is scheduled on___,_____, 2019, at _____ in Courtroom ____ at the U.S. District Court, One Exchange Terrace, Federal Building and Courthouse, Providence, RI 02903. If final approval is granted, the Settlement will bind you as a Member of the Settlement Class. You may appear at this hearing and/or object to the Settlement. Any objections to the Settlement, the motion for attorney's fees and expenses, and/or the request for Plaintiff incentive awards must be served in writing on the Court and the Parties' counsel. More information about the hearing and how to object is explained below.

**YOUR LEGAL RIGHTS WILL BE AFFECTED WHETHER OR NOT YOU TAKE ANY ACTION. READ THIS NOTICE CAREFULLY. PLEASE DO NOT CONTACT DEFENDANT OR THE COURT. THEY WILL NOT BE ABLE TO ANSWER YOUR QUESTIONS.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **You can do nothing.** (No action is necessary to receive an allocated payment.) | If the Settlement is approved by the Court and you are a Member of the Settlement Class entitled to a payment under the Plan of Allocation, you do not need to do anything to receive a payment. |
| **You can submit an objection.** (It must be mailed by ____, 2019.) | If you wish to object to any part of the Settlement, you may write to the Court and Counsel and explain why, as described below. |
| **You can appear at the Fairness Hearing on ____.** | If you submit a written objection to the Settlement before the Court-approved deadline, you may (but do not have to) speak in Court about the fairness of the Settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.
- Information concerning your individual share of the Net Settlement Fund, if any, will not be available for several months after the Court grants final approval of the Settlement and any appeals are resolved. Thank you for your patience.

## SUMMARY OF CASE

As described in more detail below and in Plaintiffs' Complaint, this Action alleges that Defendant breached fiduciary duties owed to participants in and beneficiaries of the Plans during the Class Period. Defendant vigorously denies the allegations. Copies of the Stipulation related to the Settlement are available *[here/hyperlink]*.

## SUMMARY OF SETTLEMENT

The Stipulation provides that Defendant will pay or cause its fiduciary insurance carrier to pay $3,500,000 in cash, which will be deposited into an account called the Settlement Fund. After payment of attorneys' fees and expenses, costs of notice, and any excess fees and expenses related to administration of the Settlement, the amount remaining in the account shall constitute the Net Settlement Fund and be allocated among Members of the Settlement Class according to a Plan of Allocation to be approved by the Court. In addition, Defendant has agreed to additional Prospective Relief, including using commercially reasonable best efforts to reduce recordkeeping fees for the Plans over the next three years, and conducting a Request for Proposal process for the role of independent investment advisor to the Plans.

## STATEMENT OF POTENTIAL OUTCOME OF THE ACTION

Class Counsel believe that the claims against Defendant are well-grounded in law and fact and that breaches of fiduciary duty under ERISA occurred in this case. However, as with any litigated case, Members of the Settlement Class would face an uncertain outcome if the Action were to continue against Defendant. Continued litigation of the Action could result in a range of possible recoveries, including a judgment or verdict greater or less than the recovery under the Stipulation, or no recovery at all. Class Counsel also have taken into account the limited availability of insurance.

Class Counsel believe that this Settlement reflects a reasonable compromise in light of the range of possible outcomes. Class Counsel believe that the Settlement is preferable to continued litigation and is in the best interest of the Members of the Settlement Class because the Settlement provides certainty with respect to the amount of recovery and results in a prompt recovery.

Throughout this litigation, Defendant has denied and continues to deny the claims and contentions alleged by Plaintiffs. Nevertheless, Defendant has concluded that it is desirable for the Action to be fully and finally settled as to it and the other Releasees on the terms and conditions set forth in the Stipulation.

The Court has not ruled in favor of either side. Both sides agreed to the Settlement to ensure a resolution and avoid the cost and risk of further litigation.

## STATEMENT OF FEES AND EXPENSES INCURRED BY THE INDEPENDENT FIDUCIARY AND THE SETTLEMENT ADMINISTRATOR

An Independent Fiduciary is evaluating the Settlement and will be asked to authorize the Settlement on behalf of the Plans. Defendant has paid or will pay the fees and expenses incurred by the Independent Fiduciary (including fees and expenses incurred by consultants, attorneys, and other professionals retained or employed by the Independent Fiduciary) in the course of evaluating and authorizing the Settlement on behalf of the Plan, up to $25,000, and this expense will not be deducted from the Settlement Fund. However, any costs of the Independent Fiduciary in excess of the initial $25,000 paid by Defendant will be borne by and paid from the Settlement Fund.

A Settlement Administrator has been engaged to mail the notice to the Members of the Settlement Class, administer the Settlement and allocate the Net Settlement Fund among Members of the Settlement Class. The fees and expenses for the Settlement Administrator will be paid from the Settlement Fund.

## STATEMENT OF ATTORNEY'S FEES AND EXPENSES AND PLAINTIFF INCENTIVE AWARDS SOUGHT IN THE ACTION

Class Counsel will submit a fee petition to the Court in which they will ask the Court to award them attorneys' fees in an amount not to exceed 30% of the Settlement Fund, plus reimbursement of costs and expenses.

In addition, Class Counsel will request that the Court  make an incentive award to each of the three Plaintiffs in the amount of $5,000.

## QUESTIONS AND ANSWERS

**Why did I receive a notice in the mail?**

You received a notice because you or someone in your family is or may have been a participant in or beneficiary of one of the Plans at some time between July 6, 2011 and *[DATE].*

The Court ordered this notice to be sent to you because you have a right to know about the Settlement and all of the options available to you regarding the Settlement before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, the Net Settlement Fund will be allocated among Members of the Settlement Class according to a Court-approved Plan of Allocation.

The Court in charge of this case is the United States District Court for the District of Rhode Island. The individuals who sued are called "Plaintiffs," and the entity they sued is called the "Defendant." The legal action that is the subject of this notice and the Settlement is titled *Short v. Brown University,* Case No. 1:17-cv-00318 (D.R.I).

**What is the Action about?**

The Action claims that the Defendant was a fiduciary to the Plans and violated fiduciary duties under ERISA that it owed to the Plans participants and beneficiaries. Plaintiffs allege Defendant breached certain fiduciary duties by causing the Plans to incur higher administrative fees and expenses than reasonable and necessary. Plaintiffs also allege Defendant breached certain fiduciary duties by continuing to permit investment by the Plans' participants in the CREF Stock Account and the TIAA Real Estate Account. In the Complaint, Plaintiffs have asserted causes of action for losses they contend were suffered by the Plans as the result of these alleged breaches of fiduciary duty by Defendant.

Defendant vigorously denies each and every allegation of wrongdoing made in the Complaint and contends that it has no liability in the Action. Defendant specifically denies the allegations that it breached any fiduciary duty or any other provisions of ERISA in connection with the administrative fees or expenses incurred by the Plans, the investments in the Plans, or the TIAA participant loan program at any time, and further denies that it in any way failed to act prudently or loyally to the Plans' participants and beneficiaries.

**Why is this case a class action?**

In a class action, one or more plaintiffs called "Class Representatives" sue on behalf of a large number of people who have similar claims. All of the individuals on whose behalf the Class Representatives are suing are "Class Members." One court resolves the issues for all Class Members. In its order setting the Fairness Hearing, the Court preliminarily certified the Settlement Class in the Action.

The Class Representatives in this Action, Diane G. Short, Judith Daviau and Joseph Barboza, were participants in the Plans during the Class Period and are referred to as the "Plaintiffs."

**Why is there a settlement?**

The Court has not reached any final decision in connection with Plaintiffs' claims against the Defendant. Instead, Plaintiffs and Defendant have agreed to a Settlement. In reaching the Settlement, they have avoided the cost, risks, time, and disruption of prolonged litigation and trial.

Class Counsel believe that the Settlement is the best option for the Settlement Class Members, as described above in the section entitled "Statement of Potential Outcome of the Action."

| How do I know whether I am part of the Settlement? |
| --- |

The Court has conditionally certified that this Settlement shall proceed on behalf of everyone who fits the following description:

> All participants and beneficiaries who had a balance in either the Brown University Deferred Vesting Retirement Plan or the Brown University Legacy Retirement Plan (the "Plans") during the Class Period, excluding any participant who is a fiduciary to either of the Plans.

The "Class Period" is defined as July 6, 2011 through [DATE].

## THE SETTLEMENT BENEFITS

| What does the Settlement provide? |
| --- |

The Settlement provides that Defendant will pay or cause its fiduciary insurance carrier to pay $3,500,000 (the "Settlement Amount") into an account at a financial institution identified by Class Counsel, which shall constitute the Settlement Fund. The net amount of the Settlement Fund, after payment of Court-approved attorneys' fees and expenses, awards to the Plaintiffs, excess fees and expenses incurred by the Independent Fiduciary, and any fees and expenses incurred by the Settlement Administrator, will be allocated to the Members of the Settlement Class according to a Plan of Allocation to be approved by the Court if and when the Court enters an order finally approving the Settlement. In addition, the Settlement provides Prospective Relief, including requiring Defendant to use commercially reasonable best efforts to reduce recordkeeping fees for the Plans over the next three years, and to conduct a Request for Proposal process for the role of independent investment advisor to the Plans.

| How much will my payment be? |
| --- |

If you qualify, you will receive a *pro rata* share of the Net Settlement Fund. The Settlement payment is a compromise. It does not compensate participants for 100% of their claimed losses.

Class Counsel will file a detailed Plan of Allocation in advance of the Fairness Hearing. The Plan of Allocation will describe the manner in which the Net Settlement Fund will be distributed to Members of the Settlement Class. In general terms, the Plan of Allocation will provide that each Settlement Class Member's share of the Net Settlement Fund will be calculated as follows:
> The percentage of the Net Settlement Amount to be allocated to each Member of the Settlement Class will be calculated by dividing the sum of a Settlement Class Member's month-end account balances for each month during the Class Period by the sum of month-end account balances for each month during the Class Period of all of Members of the Settlement Class during the Class Period.

Those Members of the Settlement Class who are former Plan participants and whose pro rata share is less than $25.00 (the "*De Minimis* Amount") shall receive an allocation of zero from the Net Settlement Fund.

The Settlement Administrator will perform all calculations and determine your *pro rata* amount. The Settlement Administrator will have access to all available records, so you do not need to be concerned if you no longer have your account statements. The Court will be asked to approve the Plan of Allocation, a copy of which will be available along with other settlement documents *here* after it has been filed.

| How can I get a payment? |
| --- |

If the Settlement is given final approval, you will **not** have to do anything to get a payment from the Settlement if you are entitled to one under the Plan of Allocation.

| When will I get my payment? |
| --- |

The balance of the Net Settlement Fund will be allocated to Members of the Settlement Class pursuant to the Plan of Allocation as soon as possible after final approval has been obtained for the Settlement, including any appeals.  Any appeal of the final approval may take a year or more. Please be patient.

**There will be no payments if the Settlement is terminated.**

The Stipulation may be terminated on several grounds, which are described in the Stipulation.  In the event any of these conditions occur, there will be no settlement payment made, and the litigation will resume.

| Can I opt out of the Settlement? |
| --- |

No. In some class actions, class members have the opportunity to exclude themselves from the Settlement. This is sometimes referred to as "opting out" of the Settlement. Because of the legal issues involved in the Action, however, the class of participants affected by this Settlement has been preliminarily certified as a mandatory class. This means you cannot opt out of the benefits of the Settlement in order to pursue you own claims or for any other reason. **Therefore, you will be bound by any judgments or orders that are entered in this Action, and if the Settlement is approved, you will be deemed to have released Defendant from any and all claims that were or could have been asserted in this case on your behalf or on behalf of the Plans or that are otherwise included in the release in the Settlement, other than your right to obtain the relief provided to you, if any, by the Settlement.**

Although you cannot opt out of the Settlement, you can object to the Settlement and ask the Court not to approve the Settlement, as described below.

### THE LAWYERS REPRESENTING YOU

| Do I have a lawyer in the Action? |
| --- |

The Court has preliminarily designated Schneider Wallace Cottrell Konecky Wotkyns LLP, Berger & Montague P.C. and the Law Offices of Sonja L. Deyoe as Class Counsel for the Settlement Class. If you want to be represented by your own lawyer, you may hire one at your own expense.

| **How will the lawyers be paid?** |
| --- |

Class Counsel will file a petition for the award of attorneys' fees and expenses by _____, 2019, after which a copy will be posted *here*. This petition will be considered at the Fairness Hearing. Defendant has agreed not to oppose the amount of attorneys' fees, costs, or expenses or any award to the Plaintiffs to the extent such fees, costs, expenses, and awards are consistent with the terms of the Stipulation. Class Counsel have agreed to limit their application for an award of attorneys' fees to not more than 30% of the Settlement Amount, plus out-of-pocket costs.

Plaintiffs will also request a case contribution award from the Settlement Fund to compensate them for the time and effort they spent assisting with the investigation and prosecution of the case. Class Counsel will request that the Court approve case contribution awards of $10,000 for each of the three Plaintiffs.

You have the right to object to this aspect of the Settlement even if you approve the other aspects of the Settlement.

## OBJECTING TO THE SETTLEMENT OR THE ATTORNEYS' FEES

You can tell the Court that you do not agree with the Settlement or some part of it.

| **How do I tell the Court that I object to the Settlement?** |
| --- |

If you are a Member of the Settlement Class, you can object to the Settlement if you do not agree with any part of it. You can give reasons why you think the Court should not approve the Settlement. The Court will consider your views. To object, you must send a letter or other written filing saying that you object to the Settlement. Be sure to include the following case caption and notation: "*Short v. Brown University, Case No. 1:17-cv-00318 (D.R.I.).*" In addition, your objection must also include your name, address, telephone number, and signature and the reasons why you object to the Settlement. Any objection must be signed by the Settlement Class member even if an attorney is retained by the Settlement Class member. **Mail the objection to each of the addresses listed below, postmarked no later than _____. You must mail your objection by this date. If you fail to do so, the Court will not consider your objections.** If you plan to speak at the Fairness Hearing, you must send a Notice of Intention to Appear along with your objection, as described below.

| **COURT CLERK** | **PLAINTIFFS' COUNSEL** | **DEFENDANT'S COUNSEL** |
| --- | --- | --- |
| Clerk, US District Court | Todd Collins | Charles Dyke |
| One Exchange Terrace | Berger Montague PC | Nixon Peabody LLP |
| Federal Building and Courthouse | 1818 Market St. | One Embarcadero Ctr., FL 32 |
| | | San Francisco, CA 94111 |

Providence, RI 02903

Suite 3600
Philadelphia, PA
19103

Emily Costin
Alston & Bird, LLP
950 F St. NW
Washington, DC 20004

John Nestico
Schneider Wallace
Cottrell Konecky
Wotkyns LLP
8501 N. Scottsdale
Rd., Suite 270
Scottsdale, AZ 85253

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but it is not necessary.

**When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Fairness Hearing to decide whether to approve the Settlement as fair, reasonable, and adequate. You may attend the Fairness Hearing, and you may ask to speak, but you do not have to attend. The Court will hold the Fairness Hearing on <mark>at    in</mark>    at the U.S. District Court, One Exchange Terrace, Federal Building and Courthouse, Providence, RI 02903. At that hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. After the Fairness Hearing, the Court will decide whether to approve the Settlement. The Court will also rule on the motions for attorney's fees and expenses and the request for Plaintiff incentive awards.

**Do I have to come to the hearing?**

No, but you are welcome to come at your own expense. If you send an objection, you do not have to attend the Fairness Hearing to voice your objection in person. As long as you mail your written objection on time, the Court will consider it when determining whether to approve the Settlement as fair, reasonable, and adequate. You also may pay your own lawyer to attend the Fairness Hearing, but attendance is not necessary.

**May I speak at the hearing?**

Only if you have previously filed an objection to the Settlement may you ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter or other paper called a "Notice of Intention to Appear at Fairness Hearing in *Short v. Brown University, Case No. 1:17-cv-00318 (D.R.I).*" Be sure to include your name, address, telephone number, and signature. Your Notice of Intention to Appear must be postmarked no later than<mark>____</mark>and

be sent to the Clerk of the Court, Class Counsel, and Defendant's counsel at the addresses listed above.

## IF YOU DO NOTHING

| What happens if I do nothing at all? |
| --- |

If you do nothing and you are a Member of the Settlement Class and the Settlement is approved, you will participate in the Settlement of the Action as described in this notice.

## GETTING MORE INFORMATION

| Are there more details about the Settlement? |
| --- |

This notice summarizes the proposed Settlement. The complete Settlement is set forth in the Stipulation of Settlement. You may obtain a copy of the Stipulation of Settlement *here*.

| How do I get more information? |
| --- |

Class Counsel may be reached at : _ Todd Collins, Berger Montague PC, 1818 Market Street, Suite 3600, Philadelphia, PA 19103; tcollins@bm.net; (215) 875-3000, John Nestico, Schneider Wallace Cottrell Konecky Wotkyns LLP, 8501 N. Scottsdale Rd., Suite 270, Scottsdale, AZ 85253; jnestico@schneiderwallace.com; (480) 428-0145

_____.

Documents are also available at the office of the Clerk located at the U.S. District Court, One Exchange Terrace, Federal Building and Courthouse, Providence, RI 02903.

Exhibit 3

**Proposed Final Approval Order**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| DIANE G. SHORT, SAMIRA PARDANANI, JUDITH DAVIAU, and JOSEPH BARBOZA, Individually and as representatives of a class of participants and beneficiaries in and on behalf of the BROWN UNIVERSITY DEFERRED VESTING RETIREMENT PLAN, and the BROWN UNIVERSITY LEGACY RETIREMENT PLAN, | ) ) ) ) ) ) ) ) | |
| | ) | CA NO. 1:17-CV-318-WES-PAS |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| BROWN UNIVERSITY in Providence in the State of Rhode Island and Providence Plantations, | ) ) ) ) | |
| Defendant. | ) ) | |

**[PROPOSED] FINAL APPROVAL ORDER AND FINAL JUDGMENT**

This action came on for a final fairness hearing, held on _____, 2019, on a proposed Settlement (the "Settlement") of this class action (the "Action") preliminarily certified for settlement purposes, and the issues having been duly heard and a decision having been duly rendered,

**IT IS HEREBY ORDERED AND ADJUDGED:**

To the extent not otherwise defined herein, all terms shall have the same meaning as used in the Stipulation of Settlement executed on ___, 2019 (the "Stipulation").

The Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including all Members of the Settlement Class.

The Court hereby approves and confirms the Settlement embodied in the Stipulation as

being a fair, reasonable, and adequate settlement and compromise of this Action, adopts the Stipulation as its Judgment, and orders that the Stipulation shall be effective, binding, and enforced according to its terms and conditions.

The Court determines that Plaintiffs [1] have asserted claims on behalf of the Brown University Deferred Vesting Retirement Plan ("Deferred Vesting Retirement Plan") and the Brown University Legacy Retirement Plan ("Legacy Retirement Plan") (together, the "Plans") to recover losses alleged to have occurred as a result of violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA").

The Court determines that the Settlement, which includes the payment of $3,500,000 on behalf of Defendant, as well as Prospective Relief, including Defendant's use of commercially reasonable best efforts to reduce recordkeeping fees for the Plans over the next three years, and conducting a Request for Proposal process for the role of independent investment advisor to the Plans, has been negotiated vigorously and at arm's length by Class Counsel, and further finds that, at all times, Plaintiffs have acted independently and that their interests are identical to the interests of the Plans and the Settlement Class. The Court further finds that the Settlement arises from a genuine controversy between the Parties and is not the result of collusion, nor was the Settlement procured by fraud or misrepresentation.

The Court finds that the Plans' participation in the Settlement is on terms no less favorable than Plaintiffs' and the Settlement Class' and that the Plans do not have any additional claims above and beyond those asserted by Plaintiffs that are released as a result of the Settlement.

The Court determines that the Settlement is not part of an agreement, arrangement, or

---

[1] Plaintiff Samira Pardanani was voluntarily dismissed from this case on July 10, 2017. (ECF No. 3.)

understanding designed to benefit a party in interest, but rather is designed and intended to benefit the Plans, and the Plans participants and beneficiaries.

Accordingly, the Court determines that the negotiation and consummation of the Settlement by Plaintiffs on behalf of the Plans and the Settlement Class do not constitute "prohibited transactions" as defined by ERISA §§ 406(a) or (b), 29 U.S.C. §§ 1106(a) or (b). Further, the Court finds that in light of the analysis and opinion provided by the Independent Fiduciary, to the extent any of the transactions required by the Settlement constitute a transaction prohibited by ERISA § 406(a), 29 U.S.C. §§ 1106(a), such transactions satisfy the provisions of Prohibited Transaction Exemption 2003-39. 68 Fed. Reg. 75632 (2003).

The Court determines that the Class Notice transmitted to the Settlement Class, pursuant to the Preliminary Approval Order concerning the Settlement and the other matters set forth therein, is the best notice practicable under the circumstances and included individual notice to all Members of the Settlement Class who could be identified through reasonable efforts. Such Class Notice provides valid, due and sufficient notice of these proceedings and of the matters set forth therein, including the Settlement described in the Stipulation, to all persons entitled to such Class Notice, and such Class Notice has fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

The Court hereby approves the maintenance of the Action as a non-opt-out class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(1) with the Settlement Class being defined as:

> All participants and beneficiaries who had a balance in either the Brown University Deferred Vesting Retirement Plan or the Brown University Legacy Retirement Plan (the "Plans") during the Class Period, excluding any participant who is a fiduciary to either of the Plans.

The "Class Period" is defined as July 6, 2011 through *[the date of Preliminary Approval Order.]*

3

Pursuant to Federal Rule of Civil Procedure 23(g), the Court hereby confirms its prior appointment of Schneider Wallace Cottrell Konecky Wotkyns LLP, Berger & Montague P.C. as co-lead class counsel (together with  the Law Offices of Sonja L. Deyoe,"Class Counsel").

Based on the Settlement, the Court hereby dismisses the Complaint and the Action against Defendant with prejudice.

As of the date of Complete Settlement Approval and payment of the Settlement Amount, Plaintiffs, the Plans, and each Member of the Settlement Class on their own behalf and on behalf of their present or former agents, employees, attorneys, accountants, representatives, advisers, investment bankers, trustees, parents, heirs, estates, executors, administrators, successors, and assigns, shall be deemed to have released each and all of the Releasees from the Released Claims.

As of the date of Complete Settlement Approval and payment of the Settlement Amount, Defendant, including their present or former agents, employees, attorneys, accountants, representatives, advisers, investment bankers, trustees, parents, heirs, estates, executors, administrators, successors, and assigns, shall be deemed to have released the Plaintiff Released Parties from any claims that may have arisen out of this Action.

As of the date of Complete Settlement Approval and payment of the Settlement Amount, all release provisions shall be given full force and effect in accordance with each and all of their express terms and provisions, including those terms and provisions relating to unknown, unsuspected, or future claims, demands, or causes of action. Further, Plaintiffs assume for themselves, and on behalf of the Settlement Class, and Defendant assumes the risk of any subsequent discovery of any matter, fact, or law, that, if now known or understood, would in any respect have affected or could have affected any such Person's entering into the Stipulation.

The Court further determines that Defendant has fully complied with the notice

requirements of the Class Action Fairness Act of 2005, to the extent possible.

All members of the Settlement Class and the Plans are hereby barred and enjoined from the institution and prosecution, either directly or indirectly, of any other actions in any court asserting any and all Released Claims against any and all Releasees.

The litigation expenses incurred by Class Counsel in the course of prosecuting this action are reasonable. Accordingly, Class Counsel are awarded expenses in the amount of $_____, to be paid from the Settlement Fund.  The attorney's fees sought by Class Counsel in the amount of _____ percent (___%) of the common fund established in this Action are reasonable in light of the successful results achieved by Class Counsel, the monetary benefits obtained in this Action, the substantial risks associated with the Action, Class Counsel's skill and experience in class action litigation of this type, and the fee awards in comparable cases. Accordingly, Class Counsel are awarded attorneys' fees in the amount of ___ percent (__%) of the common fund established in this Action, specifically $_____.

Plaintiffs Diane G. Short, Judith Daviau and Joseph Barboza are hereby awarded case contribution awards in the amount of $____ each.

Class Counsel's attorney's fees and expenses and Plaintiffs' case contribution awards shall be paid pursuant to the timing requirements described in the Stipulation.

The Plan of Allocation for the Settlement Fund is approved as fair, reasonable, and adequate. Any modification or change in the Plan of Allocation that may hereafter be approved shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

Without affecting the finality of this Judgment, the Court retains jurisdiction for purposes of implementing the Stipulation and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Stipulation and Settlement, as may from

time to time be appropriate, and resolution of any and all disputes arising thereunder.

**SO ORDERED** this _____ day of _____, 2019.


_____
Hon. William E. Smith
Chief Judge, United States District Court
for the District of Rhode Island