# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

DIANE G. SHORT, JUDITH DAVIAU, and JOSEPH BARBOZA, Individually and as representatives of a class of participants and beneficiaries in and on behalf of the BROWN UNIVERSITY DEFERRED VESTING RETIREMENT PLAN, and the BROWN UNIVERSITY LEGACY RETIREMENT PLAN,

  Plaintiffs,

vs.

BROWN UNIVERSITY in Providence in the State of Rhode Island and Providence Plantations,

  Defendant.

CA NO. 1:17-CV-318-WES-PAS

**DECLARATION OF SETTLEMENT ADMINISTRATOR REGARDING DISSEMINATION OF CLASS NOTICE**

I, Ronald A. Bertino, hereby declare as follows:

1. I am a Partner at Heffler Claims Group, LLC ("Heffler"). Our business address is 1515 Market Street, Suite 1700, Philadelphia, PA 19102. Our main telephone number is (215) 665-8870. I am over twenty-one years of age and am authorized to make this Declaration on behalf of Heffler and myself. This Declaration is based upon my personal knowledge as well as information provided to me by associates and staff.

2. Heffler has extensive experience in class action matters, having provided services in class action settlements involving antitrust, ERISA, securities, employment and labor, consumer and government enforcement matters. Heffler provided notification and/or claims administration services in more than 1,000 cases.

3. I submit this Declaration to demonstrate Heffler's compliance with regard to the

1

duties of the Settlement Administrator as required by the Stipulation of Settlement filed March 12, 2019 (Document 46) ("the Stipulation") and this Court's "Order Preliminarily Approving Settlement" filed April 15, 2019 (Document 47) ("the Preliminary Approval Order").

4. Heffler has been retained by Class Counsel as Settlement Administrator to provide notification and administration services in the above-captioned matter, including: (a) establishing a mailing address for any returned mail from the Notice mailing or any Class Member correspondence; (b) confirming or updating addresses for the Class List of those eligible to participate in the Settlement; (c) preparing, printing, and sending the Class Notice via mail to individuals on the Class List; (d) logging and seeking new addresses for Class Members and re-mailing the Class Notice to them if the Class Notice was returned as undeliverable; (e) tracking of written objections; (f) establishing and monitoring the Settlement Website; (g) establishing and monitoring a Toll Free Number with an IVR response system; and (h) such other tasks as Counsel mutually agree or the Court orders or requests Heffler to perform.

5. Heffler opened and uses the post office box address of: Short v. Brown University ERISA Settlement; c/o Settlement Administrator; P.O. Box 58175; Philadelphia, PA 19102-8175 to receive undeliverable Class Notices, inquiries, and other communications about the Settlement.

6. In late April and early May 2019, Heffler received the Class Lists, which contained the names and mailing addresses of approximately 806,130 Class Members. The Lists were combined, and then checked for duplicate class member information. A total of 791,292 name and address records were identified as duplicates[1], leaving 14,838 unique name and address records. The records with domestic mailing addresses were processed, standardized and updated

---

[1] The class data was, in large part, made up of the monthly participants over a 96-month period, thus the high number of name and address duplicates.

2

DECLARATION OF SETTLEMENT ADMINISTRATOR REGARDING
DISSEMINATION OF CLASS NOTICE
CA No.: 1:17-CV-318-WES-PAS

utilizing the National Change of Address Database ("NCOA") maintained by the U.S. Postal Service ("USPS"). The NCOA contains change of address notifications filed with the USPS. In the event that an individual had filed a USPS change of address notification, the address listed with NCOA was used in connection with the mailing of the Class Notice.

7. At that same time, Heffler received from Class Counsel text for the Class Notice. The Court had approved this text in the Preliminary Approval Order. In the form attached as **Exhibit A,** the Notice was issued to Class Members in accord with the Court's Preliminary Approval Order to provide adequate information of the Proposed Settlement, the Class Members' rights to object, and related matters.

8. On June 14, 2019, Class Notices were printed and mailed to the 14,838 Class Members contained in the Class List with mailing addresses, via postage prepaid, first-class U.S. Mail. The Class Notices advised Class Members of the Settlement and that they could file an objection postmarked by July 18, 2019.

9. Pursuant to the Preliminary Approval Order and the Stipulation, on or about June 12, 2019, Heffler developed, activated, and continues to maintain, the Settlement website accessible at *www.BrownUniversityERISAsettlement.com.* At the website, Class Members can view information and find answers to frequently-asked questions regarding the Settlement; view and download copies of documents related to the Settlement; and obtain information on deadlines or dates for Objections, the Final Approval Hearing date, time and location, and other information pertaining to the Settlement, including the proposed plan of allocation, the request for case contribution awards to Plaintiffs, and Plaintiffs' application for attorney's fees and costs. A draft of the text for the information, questions, and answers on the website and a list of the documents to be posted was prepared by Heffler and approved by counsel for both Parties. Through July 1,

2019, there have been 167 unique visits to the website.

10. The Preliminary Approval Order requires the Settlement Administrator to send the Class Notice to Class Members and to publish the Class Notice on the Settlement Website "By no later than 45 days before the Fairness Hearing." Because Heffler sent and published the Class Notice on June 14, 2019, forty-eight days before the August 1, 2019 Fairness Hearing, Heffler has complied with the Preliminary Approval Order.

11. On or about June 13, 2019, Heffler established the toll-free number 1-833-253-8064 to allow Class Members to obtain additional information regarding the Settlement through a recorded Interactive Voice Response (IVR) system. Through July 1, 2019, Heffler has received 31 telephone calls inquiring about the Settlement.

12. Through July 1, 2019, Heffler has received a total of 595 Class Notices returned by USPS as undeliverable. Of these, a total of five were returned containing a forwarding address and were promptly re-mailed to the forwarding address, and our records were updated. We are in the process of skip-tracing the 590 returned without a forwarding address through Lexis/Nexis, and we will update our records and re-mail Class Notices to the updated addresses as soon as they are received.

13. Heffler is not responsible for receipt and/or logging of Objections to the Settlement. Pursuant to the Preliminary Approval Order, Objections are to be postmarked no later than July 18, 2019, and sent to the Clerk of the Court and to Plaintiffs' and Defendant's Counsel. However, it is not uncommon for Heffler to receive Objections in cases it administers. Heffler has not received or logged any Objections from purported Class Members.

14.    Under 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this July 2, 2019, in Philadelphia, Pennsylvania.

_____
Ronald A. Bertino

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| DIANE G. SHORT, JUDITH DAVIAU, and JOSEPH BARBOZA, Individually and as representatives of a class of participants and beneficiaries in and on behalf of the BROWN UNIVERSITY DEFERRED VESTING RETIREMENT PLAN, and the BROWN UNIVERSITY LEGACY RETIREMENT PLAN, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) CA NO. 1:17-CV-318-WES-PAS |
| vs. | )<br>) |
| BROWN UNIVERSITY in Providence in the State of Rhode Island and Providence Plantations, | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

**NOTICE OF CLASS ACTION SETTLEMENT, SETTLEMENT FAIRNESS HEARING, AND MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF ATTORNEY EXPENSES**

This notice advises you of the Settlement of *Short v. Brown University, Case No. 1:17-cv-00318 (D.R.I)* (the "Action"), a class action lawsuit brought by Diane G. Short, Judith Daviau and Joseph Barboza ("Plaintiffs") on behalf of themselves, the Brown University Deferred Vesting Retirement Plan ("Deferred Vesting Retirement Plan") and the Brown University Legacy Retirement Plan ("Legacy Retirement Plan") (together, the "Plans"), and the Members of the Settlement Class described below, against Defendant Brown University ("Defendant" or "University") (collectively with Plaintiffs, the "Parties"). The Action was brought under the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"). The Settlement would release Defendant and related parties from any claims filed against them in the Action. The terms and conditions of the Settlement are set forth in a Stipulation of Settlement (the "Stipulation"). Capitalized terms used in this notice but not defined in this notice have the meanings assigned to them in the Stipulation. The Stipulation and additional information with respect to the Action and the Settlement are available at *www.BrownUniversityERISASettlement.com* or by contacting Class Counsel as described below.

The Parties have agreed to settle this case for $3,500,000 (the "Settlement Amount") plus certain prospective relief. The Court has preliminarily approved the Settlement, which provides for allocation of Settlement funds to Members of the Settlement Class.

Questions? Call 1-833-253-8064 or visit www.BrownUniversityERISASettlement.com

1

The Court has scheduled a hearing concerning Final Approval of the Settlement and Class Counsel's motion for attorney's fees and expenses and for incentive awards to the Plaintiffs. That hearing, before the Honorable William E. Smith, is scheduled on August 1, 2019, at 10:00 a.m. in Courtroom 3 at the U.S. District Court, One Exchange Terrace, Federal Building and Courthouse, Providence, RI 02903. If Final Approval is granted, the Settlement will bind you as a Member of the Settlement Class. You may appear at this hearing and/or object to the Settlement. Any objections to the Settlement, the motion for attorney's fees and expenses, and/or the request for Plaintiff incentive awards must be served in writing on the Court and the Parties' counsel. More information about the hearing and how to object is explained below.

**YOUR LEGAL RIGHTS WILL BE AFFECTED WHETHER OR NOT YOU TAKE ANY ACTION. READ THIS NOTICE CAREFULLY. PLEASE DO NOT CONTACT DEFENDANT OR THE COURT. THEY WILL NOT BE ABLE TO ANSWER YOUR QUESTIONS.**

| **YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT** | |
|---|---|
| **You can do nothing.** (No action is necessary to receive an allocated payment.) | If the Settlement is approved by the Court and you are a Member of the Settlement Class entitled to a payment under the Plan of Allocation, you do not need to do anything to receive a payment. |
| **You can submit an objection.** (It must be postmarked by July 18, 2019.) | If you wish to object to any part of the Settlement, you may write to the Court and Counsel and explain why. For more information and where to send your objection, see Question 13, below. |
| **You can appear at the Fairness Hearing on August 1, 2019.** | If you submit a written objection to the Settlement before the Court-Approved Deadline, you may (but do not have to) speak in Court about the fairness of the Settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.
- Information concerning your individual share of the Net Settlement Fund, if any, will not be available for several months after the Court grants Final Approval of the Settlement and any appeals are resolved. Thank you for your patience.

### SUMMARY OF CASE

As described in more detail below and in Plaintiffs' Complaint, this Action alleges that Defendant breached fiduciary duties owed to participants in and beneficiaries of the Plans during the Class Period. Defendant vigorously denies the allegations. Copies of the Stipulation related to the Settlement are available at *www.BrownUniversityERISASettlement.com*.

### SUMMARY OF SETTLEMENT

The Stipulation provides that Defendant will pay or cause its fiduciary insurance carrier to pay $3,500,000 in cash, which will be deposited into an account called the Settlement Fund. After payment of attorneys' fees and expenses, costs of notice, and any excess fees and expenses related to administration of the Settlement, the amount remaining in the account shall constitute the Net

Questions? Call 1-833-253-8064 or visit www.BrownUniversityERISASettlement.com

2

Settlement Fund and be allocated among Members of the Settlement Class according to a Plan of Allocation to be approved by the Court. In addition, Defendant has agreed to additional Prospective Relief, including using commercially reasonable best efforts to reduce recordkeeping fees for the Plans over the next three years, and conducting a Request for Proposal process for the role of independent investment advisor to the Plans.

## STATEMENT OF POTENTIAL OUTCOME OF THE ACTION

Class Counsel believe that the claims against Defendant are well-grounded in law and fact and that breaches of fiduciary duty under ERISA occurred in this case. However, as with any litigated case, Members of the Settlement Class would face an uncertain outcome if the Action were to continue against Defendant. Continued litigation of the Action could result in a range of possible recoveries, including a judgment or verdict greater or less than the recovery under the Stipulation, or no recovery at all. Class Counsel also has taken into account the limited availability of insurance.

Class Counsel believe that this Settlement reflects a reasonable compromise in light of the range of possible outcomes. Class Counsel believe that the Settlement is preferable to continued litigation and is in the best interest of the Members of the Settlement Class because the Settlement provides certainty with respect to the amount of recovery and results in a prompt recovery.

Throughout this litigation, Defendant has denied and continues to deny the claims and contentions alleged by Plaintiffs. Nevertheless, Defendant has concluded that it is desirable for the Action to be fully and finally settled as to it and the other Releasees on the terms and conditions set forth in the Stipulation.

The Court has not ruled in favor of either side. Both sides agreed to the Settlement to ensure a resolution and avoid the cost and risk of further litigation.

## STATEMENT OF FEES AND EXPENSES INCURRED BY THE INDEPENDENT FIDUCIARY AND THE SETTLEMENT ADMINISTRATOR

An Independent Fiduciary is evaluating the Settlement and will be asked to authorize the Settlement on behalf of the Plans. Defendant has paid or will pay the fees and expenses incurred by the Independent Fiduciary (including fees and expenses incurred by consultants, attorneys, and other professionals retained or employed by the Independent Fiduciary) in the course of evaluating and authorizing the Settlement on behalf of the Plan, up to $25,000, and this expense will not be deducted from the Settlement Fund. However, any costs of the Independent Fiduciary in excess of the initial $25,000 paid by Defendant will be borne by and paid from the Settlement Fund.

A Settlement Administrator has been engaged to mail the notice to the Members of the Settlement Class, administer the Settlement and allocate the Net Settlement Fund among Members of the Settlement Class. The fees and expenses for the Settlement Administrator will be paid from the Settlement Fund.

## STATEMENT OF ATTORNEY'S FEES AND EXPENSES AND PLAINTIFF INCENTIVE AWARDS SOUGHT IN THE ACTION

Class Counsel will submit a fee petition to the Court in which they will ask the Court to award them attorneys' fees in an amount not to exceed 30% of the Settlement Fund, plus reimbursement of costs and expenses. In addition, Class Counsel will request that the Court make an incentive award to each of the three Plaintiffs in the amount of $5,000.

Questions? Call 1-833-253-8064 or visit www.BrownUniversityERISASettlement.com

3

## QUESTIONS AND ANSWERS

| 1. | Why did I receive a notice in the mail? |

You received a notice because you or someone in your family is or may have been a participant in or a beneficiary of one of the Plans at some time between July 6, 2011 and April 15, 2019.

The Court ordered this notice to be sent to you because you have a right to know about the Settlement and all of the options available to you regarding the Settlement before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, the Net Settlement Fund will be allocated among Members of the Settlement Class according to a Court-approved Plan of Allocation.

The Court in charge of this case is the United States District Court for the District of Rhode Island. The individuals who sued are called "Plaintiffs," and the entity they sued is called the "Defendant." The legal action that is the subject of this notice and the Settlement is titled *Short v. Brown University*, Case No. 1:17-cv-00318 (D.R.I).

| 2. | What is the Action about? |

The Action claims that the Defendant was a fiduciary to the Plans and violated fiduciary duties under ERISA that it owed to the Plans' participants and beneficiaries. Plaintiffs allege Defendant breached certain fiduciary duties by causing the Plans to incur higher administrative fees and expenses than reasonable and necessary. Plaintiffs also allege Defendant breached certain fiduciary duties by continuing to permit investment by the Plans' participants in the CREF Stock Account and the TIAA Real Estate Account. In the Complaint, Plaintiffs have asserted causes of action for losses they contend were suffered by the Plans as the result of these alleged breaches of fiduciary duty by Defendant.

Defendant vigorously denies each and every allegation of wrongdoing made in the Complaint and contends that it has no liability in the Action. Defendant specifically denies the allegations that it breached any fiduciary duty or any other provisions of ERISA in connection with the administrative fees or expenses incurred by the Plans, the investments in the Plans, or the TIAA participant loan program at any time, and further denies that it in any way failed to act prudently or loyally to the Plans' participants and beneficiaries.

| 3. | Why is this case a class action? |

In a class action, one or more plaintiffs called "Class Representatives" sue on behalf of a large number of people who have similar claims. All of the individuals on whose behalf the Class Representatives are suing are "Class Members." One court resolves the issues for all Class Members. In its order setting the Fairness Hearing, the Court preliminarily certified the Settlement Class in the Action.

The Class Representatives in this Action, Diane G. Short, Judith Daviau and Joseph Barboza, were participants in the Plans during the Class Period and are referred to as the "Plaintiffs."

Questions? Call 1-833-253-8064 or visit www.BrownUniversityERISASettlement.com

4

| 4. | Why is there a settlement? |
|---|---|

The Court has not reached any final decision in connection with Plaintiffs' claims against the Defendant. Instead, Plaintiffs and Defendant have agreed to a Settlement. In reaching the Settlement, they have avoided the cost, risks, time, and disruption of prolonged litigation and trial.

Class Counsel believe that the Settlement is the best option for the Settlement Class Members, as described above in the section entitled "Statement of Potential Outcome of the Action."

| 5. | How do I know whether I am part of the Settlement? |
|---|---|

The Court has conditionally certified that this Settlement shall proceed on behalf of everyone who fits the following description:

All participants and beneficiaries who had a balance in either the Brown University Deferred Vesting Retirement Plan or the Brown University Legacy Retirement Plan (the "Plans") during the Class Period, excluding any participant who is a fiduciary to either of the Plans.

The "Class Period" is defined as July 6, 2011 through April 15, 2019.

**THE SETTLEMENT BENEFITS**

| 6. | What does the Settlement provide? |
|---|---|

The Settlement provides that Defendant will pay or cause its fiduciary insurance carrier to pay $3,500,000 (the "Settlement Amount") into an account at a financial institution identified by Class Counsel, which shall constitute the Settlement Fund. The net amount of the Settlement Fund, after payment of Court-approved attorneys' fees and expenses, awards to the Plaintiffs, excess fees and expenses incurred by the Independent Fiduciary, and any fees and expenses incurred by the Settlement Administrator, will be allocated to the Members of the Settlement Class according to a Plan of Allocation to be approved by the Court if and when the Court enters an order finally approving the Settlement. In addition, the Settlement provides Prospective Relief, including requiring Defendant to use commercially reasonable best efforts to reduce recordkeeping fees for the Plans over the next three years, and to conduct a Request for Proposal process for the role of independent investment advisor to the Plans.

| 7. | How much will my payment be? |
|---|---|

If you qualify, you will receive a *pro rata* share of the Net Settlement Fund. The Settlement payment is a compromise. It does not compensate participants for 100% of their claimed losses.

Class Counsel will file a detailed Plan of Allocation in advance of the Fairness Hearing. The Plan of Allocation will describe the manner in which the Net Settlement Fund will be distributed to Members of the Settlement Class. In general terms, the Plan of Allocation will provide that each Settlement Class Member's share of the Net Settlement Fund will be calculated as follows:

The percentage of the Net Settlement Amount to be allocated to each Member of the Settlement Class will be calculated by dividing the sum of a Settlement Class Member's month-end account balances for each month during the Class Period by the sum of month-end account balances for

Questions? Call 1-833-253-8064 or visit www.BrownUniversityERISASettlement.com

5

each month during the Class Period of all of Members of the Settlement Class during the Class Period.

Those Members of the Settlement Class who are former Plan participants and whose pro rata share is less than $25.00 (the "*De Minimis* Amount") shall receive an allocation of zero from the Net Settlement Fund.

The Settlement Administrator will perform all calculations and determine your *pro rata* amount. The Settlement Administrator will have access to all available records, so you do not need to be concerned if you no longer have your account statements. The Court will be asked to approve the Plan of Allocation, a copy of which will be available along with other settlement documents on the settlement website, *www.BrownUniversityERISASettlement.com,* after it has been filed.

| **8.** | **How can I get a payment?** |

If the Settlement is given final approval, you will **not** have to do anything to get a payment from the Settlement if you are entitled to one under the Plan of Allocation.

| **9.** | **When will I get my payment?** |

The balance of the Net Settlement Fund will be allocated to Members of the Settlement Class pursuant to the Plan of Allocation as soon as possible after final approval has been obtained for the Settlement, including any appeals. Any appeal of the final approval may take a year or more. Please be patient.

**There will be no payments if the Settlement is terminated.**

The Stipulation may be terminated on several grounds, which are described in the Stipulation. In the event any of these conditions occur, there will be no settlement payment made, and the litigation will resume.

| **10.** | **Can I opt out of the Settlement?** |

No. In some class actions, class members have the opportunity to exclude themselves from the Settlement. This is sometimes referred to as "opting out" of the Settlement. Because of the legal issues involved in the Action, however, the class of participants affected by this Settlement has been preliminarily certified as a mandatory class. This means you cannot opt out of the benefits of the Settlement in order to pursue your own claims or for any other reason. **Therefore, you will be bound by any judgments or orders that are entered in this Action, and if the Settlement is approved, you will be deemed to have released Defendant from any and all claims that were or could have been asserted in this case on your behalf or on behalf of the Plans or that are otherwise included in the release in the Settlement, other than your right to obtain the relief provided to you, if any, by the Settlement.**

Although you cannot opt out of the Settlement, you can object to the Settlement and ask the Court not to approve the Settlement, as described below.

Questions? Call 1-833-253-8064 or visit www.BrownUniversityERISASettlement.com

6

## THE LAWYERS REPRESENTING YOU

| 11. | Do I have a lawyer in the Action? |

The Court has preliminarily designated Schneider Wallace Cottrell Konecky Wotkyns LLP, Berger Montague PC, and the Law Offices of Sonja L. Deyoe as Class Counsel for the Settlement Class. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 12. | How will the lawyers be paid? |

Class Counsel will file a petition for the award of attorneys' fees and expenses by July 3, 2019, after which a copy will be posted on the settlement website, *www.BrownUniversityERISASettlement.com*. This petition will be considered at the Fairness Hearing. Defendant has agreed not to oppose the amount of attorneys' fees, costs, or expenses or any award to the Plaintiffs to the extent such fees, costs, expenses, and awards are consistent with the terms of the Stipulation. Class Counsel have agreed to limit their application for an award of attorneys' fees to not more than 30% of the Settlement Amount, plus out-of-pocket costs.

Plaintiffs will also request a case contribution award from the Settlement Fund to compensate them for the time and effort they spent assisting with the investigation and prosecution of the case. Class Counsel will request that the Court approve case contribution awards of $5,000 for each of the three Plaintiffs.

You have the right to object to this aspect of the Settlement even if you approve of the other aspects of the Settlement.

## OBJECTING TO THE SETTLEMENT OR THE ATTORNEYS' FEES

You can tell the Court that you do not agree with the Settlement or some part of it.

| 13. | How do I tell the Court that I object to the Settlement? |

If you are a Member of the Settlement Class, you can object to the Settlement if you do not agree with any part of it. You can give reasons why you think the Court should not approve the Settlement. The Court will consider your views. To object, you must send a letter or other written filing saying that you object to the Settlement. Be sure to include the following case caption and notation: "*Short v. Brown University, Case No. 1:17-cv-00318 (D.R.I)*." In addition, your objection must also include your name, address, telephone number, and signature and the reasons why you object to the Settlement. Any objection must be signed by the Settlement Class member even if an attorney is retained by the Settlement Class member. **Mail the objection to each of the addresses listed below, postmarked no later than July 18, 2019. You must mail your objection by this date. If you fail to do so, the Court will not consider your objections.** If you plan to speak at the Fairness Hearing, you must send a Notice of Intention to Appear along with your objection, as described below:

Questions? Call 1-833-253-8064 or visit www.BrownUniversityERISASettlement.com

7

| **COURT CLERK** | **PLAINTIFFS' COUNSEL** | **DEFENDANT'S COUNSEL** |
|---|---|---|
| Clerk, US District Court<br>One Exchange Terrace<br>Federal Building and Courthouse<br>Providence, RI 02903 | Todd Collins<br>Berger Montague PC<br>1818 Market St.<br>Suite 3600<br>Philadelphia, PA 19103<br><br>John Nestico<br>Schneider Wallace Cottrell Konecky Wotkyns LLP<br>8501 N. Scottsdale Rd., Suite 270<br>Scottsdale, AZ 85253 | Charles Dyke<br>Nixon Peabody LLP<br>One Embarcadero Ctr., Flr 32<br>San Francisco, CA 94111<br><br>Emily Costin<br>Alston & Bird, LLP<br>950 F St. NW<br>Washington, DC 20004 |

### THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but it is not necessary.

### 14. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Fairness Hearing to decide whether to approve the Settlement as fair, reasonable, and adequate. You may attend the Fairness Hearing, and you may ask to speak, but you do not have to attend. The Court will hold the Fairness Hearing on August 1, 2019 at 10:00 a.m. in Courtroom 3 at the U.S. District Court, One Exchange Terrace, Federal Building and Courthouse, Providence, RI 02903. At that hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. After the Fairness Hearing, the Court will decide whether to approve the Settlement. The Court will also rule on the motions for attorney's fees and expenses and the request for Plaintiff incentive awards.

### 15. Do I have to come to the hearing?

No, but you are welcome to come at your own expense. If you send an objection, you do not have to attend the Fairness Hearing to voice your objection in person. As long as you mail your written objection on time, the Court will consider it when determining whether to approve the Settlement as fair, reasonable, and adequate. You also may pay your own lawyer to attend the Fairness Hearing, but attendance is not necessary.

Questions? Call 1-833-253-8064 or visit www.BrownUniversityERISASettlement.com

8

| 16. | May I speak at the hearing? |
|---|---|

Only if you have previously filed an objection to the Settlement may you ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter or other paper called a "Notice of Intention to Appear at Fairness Hearing in *Short v. Brown University, Case No. 1:17-cv-00318 (D.R.I)*." Be sure to include your name, address, telephone number, and signature. Your Notice of Intention to Appear must be postmarked no later than July 18, 2019 and be sent to the Clerk of the Court, Class Counsel, and Defendant's counsel at the addresses listed above.

## IF YOU DO NOTHING

| 17. | What happens if I do nothing at all? |
|---|---|

If you do nothing and you are a Member of the Settlement Class and the Settlement is approved, you will participate in the Settlement of the Action as described in this notice.

## GETTING MORE INFORMATION

| 18. | Are there more details about the Settlement? |
|---|---|

This notice summarizes the proposed Settlement. The complete Settlement is set forth in the Stipulation of Settlement. You may obtain a copy of the Stipulation of Settlement on the settlement website, *www.BrownUniversityERISASettlement.com,* or you may request one be mailed to you by contacting the Settlement Administrator at 1-833-253-8064.

| 19. | How do I get more information? |
|---|---|

Class Counsel may be reached at: Todd Collins, Berger Montague PC, 1818 Market Street, Suite 3600, Philadelphia, PA 19103; tcollins@bm.net; (215) 875-3000, or John Nestico, Schneider Wallace Cottrell Konecky Wotkyns LLP, 8501 N. Scottsdale Road, Suite 270, Scottsdale, AZ 85253; jnestico@schneiderwallace.com; (480) 428-0145.

You may also contact the Settlement Administrator at 1-833-253-8064 or through the Contact Us section of the settlement website, *www.BrownUniversityERISASettlement.com.*

Documents are also available at the office of the Clerk located at the U.S. District Court, One Exchange Terrace, Federal Building and Courthouse, Providence, RI 02903.

Questions? Call 1-833-253-8064 or visit www.BrownUniversityERISASettlement.com

9

Short v. Brown University ERISA Settlement
c/o Settlement Administrator
P.O. Box 58175
Philadelphia, PA 19102-8175

POSTAGE

<<FirstName>> <<MI>> <<LastName>>
<<Company>>
<<Address>>
<<Address2>>
<<City>>, <<ST>> <<ZIP>>-<<ZIP4>>