IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DIANE G. SHORT, SAMIRA PARDANANI, )
JUDITH DAVIAU, and JOSEPH BARBOZA, )
Individually and as representatives of a class )
of participants and beneficiaries in and on )
behalf of the BROWN UNIVERSITY )
DEFERRED VESTING RETIREMENT )
PLAN, and the BROWN UNIVERSITY )
LEGACY RETIREMENT PLAN, )
) CA NO. 1:17-CV-318-WES-PAS
    Plaintiffs, )
)
vs. )
)
BROWN UNIVERSITY in Providence in the )
State of Rhode Island and Providence )
Plantations, )
)
    Defendant. )
)

## FINAL APPROVAL ORDER AND FINAL JUDGMENT

This action came on for a final fairness hearing, held on August 1, 2019, on a proposed Settlement (the "Settlement") of this class action (the "Action") preliminarily certified for settlement purposes, and the issues having been duly heard and a decision having been duly rendered,

**IT IS HEREBY ORDERED AND ADJUDGED:**

To the extent not otherwise defined herein, all terms shall have the same meaning as used in the Stipulation of Settlement executed on March 11, 2019 (the "Stipulation").

The Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including all Members of the Settlement Class.

The Court hereby approves and confirms the Settlement embodied in the Stipulation as

being a fair, reasonable, and adequate settlement and compromise of this Action, adopts the Stipulation as its Judgment, and orders that the Stipulation shall be effective, binding, and enforced according to its terms and conditions.

The Court determines that Plaintiffs[1] have asserted claims on behalf of the Brown University Deferred Vesting Retirement Plan ("Deferred Vesting Retirement Plan") and the Brown University Legacy Retirement Plan ("Legacy Retirement Plan") (together, the "Plans") to recover losses alleged to have occurred as a result of violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA").

The Court determines that the Settlement, which includes the payment of $3,500,000 on behalf of Defendant, as well as Prospective Relief, including Defendant's use of commercially reasonable best efforts to reduce recordkeeping fees for the Plans over the next three years, and conducting a Request for Proposal process for the role of independent investment advisor to the Plans, has been negotiated vigorously and at arm's length by Class Counsel, and further finds that, at all times, Plaintiffs have acted independently and that their interests are identical to the interests of the Plans and the Settlement Class. The Court further finds that the Settlement arises from a genuine controversy between the Parties and is not the result of collusion, nor was the Settlement procured by fraud or misrepresentation.

The Court finds that the Plans' participation in the Settlement is on terms no less favorable than Plaintiffs' and the Settlement Class' and that the Plans do not have any additional claims above and beyond those asserted by Plaintiffs that are released as a result of the Settlement.

The Court determines that the Settlement is not part of an agreement, arrangement, or

---

[1] Plaintiff Samira Pardanani was voluntarily dismissed from this case on July 10, 2017. (ECF No. 3.)

understanding designed to benefit a party in interest, but rather is designed and intended to benefit the Plans, and the Plans participants and beneficiaries.

Accordingly, the Court determines that the negotiation and consummation of the Settlement by Plaintiffs on behalf of the Plans and the Settlement Class do not constitute "prohibited transactions" as defined by ERISA §§ 406(a) or (b), 29 U.S.C. §§ 1106(a) or (b). Further, the Court finds that in light of the analysis and opinion provided by the Independent Fiduciary, to the extent any of the transactions required by the Settlement constitute a transaction prohibited by ERISA § 406(a), 29 U.S.C. §§ 1106(a), such transactions satisfy the provisions of Prohibited Transaction Exemption 2003-39. 68 Fed. Reg. 75632 (2003).

The Court determines that the Class Notice transmitted to the Settlement Class, pursuant to the Preliminary Approval Order concerning the Settlement and the other matters set forth therein, is the best notice practicable under the circumstances and included individual notice to all Members of the Settlement Class who could be identified through reasonable efforts. Such Class Notice provides valid, due and sufficient notice of these proceedings and of the matters set forth therein, including the Settlement described in the Stipulation, to all persons entitled to such Class Notice, and such Class Notice has fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

The Court hereby approves the maintenance of the Action as a non-opt-out class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(1) with the Settlement Class being defined as:

> All participants and beneficiaries who had a balance in either the Brown University Deferred Vesting Retirement Plan or the Brown University Legacy Retirement Plan (the "Plans") during the Class Period, excluding any participant who is a fiduciary to either of the Plans.

The "Class Period" is defined as July 6, 2011 through <u>April 15,2019</u> *[the date of Preliminary*

*Approval Order]*.

Pursuant to Federal Rule of Civil Procedure 23(g), the Court hereby confirms its prior appointment of Schneider Wallace Cottrell Konecky Wotkyns LLP, Berger & Montague P.C. as co-lead class counsel (together with the Law Offices of Sonja L. Deyoe,"Class Counsel").

Based on the Settlement, the Court hereby dismisses the Complaint and the Action against Defendant with prejudice.

As of the date of Complete Settlement Approval and payment of the Settlement Amount, Plaintiffs, the Plans, and each Member of the Settlement Class on their own behalf and on behalf of their present or former agents, employees, attorneys, accountants, representatives, advisers, investment bankers, trustees, parents, heirs, estates, executors, administrators, successors, and assigns, shall be deemed to have released each and all of the Releasees from the Released Claims.

As of the date of Complete Settlement Approval and payment of the Settlement Amount, Defendant, including their present or former agents, employees, attorneys, accountants, representatives, advisers, investment bankers, trustees, parents, heirs, estates, executors, administrators, successors, and assigns, shall be deemed to have released the Plaintiff Released Parties from any claims that may have arisen out of this Action.

As of the date of Complete Settlement Approval and payment of the Settlement Amount, all release provisions shall be given full force and effect in accordance with each and all of their express terms and provisions, including those terms and provisions relating to unknown, unsuspected, or future claims, demands, or causes of action. Further, Plaintiffs assume for themselves, and on behalf of the Settlement Class, and Defendant assumes the risk of any subsequent discovery of any matter, fact, or law, that, if now known or understood, would in any respect have affected or could have affected any such Person's entering into the Stipulation.

The Court further determines that Defendant has fully complied with the notice requirements of the Class Action Fairness Act of 2005, to the extent possible.

All members of the Settlement Class and the Plans are hereby barred and enjoined from the institution and prosecution, either directly or indirectly, of any other actions in any court asserting any and all Released Claims against any and all Releasees.

The litigation expenses incurred by Class Counsel in the course of prosecuting this action are reasonable. Accordingly, Class Counsel are awarded expenses in the amount of $18,991.95, to be paid from the Settlement Fund. The attorney's fees sought by Class Counsel in the amount of thirty percent (30%) of the common fund established in this Action are reasonable in light of the successful results achieved by Class Counsel, the monetary benefits obtained in this Action, the substantial risks associated with the Action, Class Counsel's skill and experience in class action litigation of this type, and the fee awards in comparable cases. Accordingly, Class Counsel are awarded attorneys' fees in the amount of thirty percent (30%) of the common fund established in this Action, specifically $1,050,000.

Plaintiffs Diane G. Short, Judith Daviau and Joseph Barboza are hereby awarded case contribution awards in the amount of $5,000 each.

Class Counsel's attorney's fees and expenses and Plaintiffs' case contribution awards shall be paid pursuant to the timing requirements described in the Stipulation.

The Plan of Allocation for the Settlement Fund is approved as fair, reasonable, and adequate. Any modification or change in the Plan of Allocation that may hereafter be approved shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

Without affecting the finality of this Judgment, the Court retains jurisdiction for purposes of implementing the Stipulation and reserves the power to enter additional orders to effectuate the


fair and orderly administration and consummation of the Stipulation and Settlement, as may from time to time be appropriate, and resolution of any and all disputes arising thereunder.

**SO ORDERED** this \_\_\_1st\_\_\_ day of \_\_August\_\_, 2019.

_____
Hon. William E. Smith
Chief Judge, United States District Court
for the District of Rhode Island